ROE, *Cas. Ejector*, and ROBERT RALSTON, tenant, plaintiffs in error, *vs.* DOE, *ex. dem.*, of FRANCIS DOVER, *et al.*, defendants in error.

A party who claims to be the landlord of a defendant in ejectment, cannot, as matter of right, and against plaintiff's objections, be made a co-defendant, where it appears to the Court that all the title he sets up, was acquired subsequently to the bringing of the action.   The refusal of the Court to permit such a party to be made a co-defendant, is no ground for a new trial, especially where it appears that he had on the trial, all the advantages of his title in favor of the possession of his tenant, in whose name he was permitted to defend, and it appears from the whole case that justice has been done.

Ejectment.   Motion for new trial.   Decided by Judge IRWIN.   Gilmer Superior Court.   May Term, 1867.

This case came up on an agreed statement of facts certified by the Judge.   It was ejectment in favor of Doe, *ex.*

*dem.*, of Francis Dover, *et al.*, vs. Roe, casual ejector, and Robert Ralston, tenant, for land, lot No. 27, 6th district, and 2d section of said county, containing 160 acres, and for mesne profits. It was commenced 31st January, 1860.

The plaintiff's evidence was as follows:

Grant from the State for said lot to John Peck, dated 1st July, 1843; John Peck's deed to James M. Smith, dated 10th January, 1849; said Smith's deed to A. D. Jenkins, dated 1st May, 1857; said Jenkins' deed to Judge Hambry, dated 21st of March, 1859; said Hambry's deed to said Dover, dated the 14th November, 1857; all these deeds were for said lot, and were recorded on the 29th of September, 1860.

Plaintiff then proved by the sheriff the *locus* and the possession of said tenant when the suit was commenced.

WM. HOLT testified: that Josiah Clayton first went into possession of said lot in 1845, or 1846, and remained one year, then Kelly went in and stayed one year, and the lot was then unoccupied for two or three years, till Ralston moved into the house (built by Clayton) in 1850, or 1851, and Ralston had ever since been in possession. Ralston cleared four or five acres of the land, planted a small orchard of apples and peaches, but did not claim the land in his own right. The rents were worth about $15 *per annum*, and Ralston's improvements were worth about $35.

BERRY ROCKLEY testified substantially the same, adding that Josiah Clayton claimed nothing but the improvements.

ELIAS CLAYTON testified substantially the same, and that in 1859, Ralston proposed to buy the lot from Jenkins.

RILEY CLAYTON testified: that he lived near the lot, that Ralston did not go into possession till the spring of 1853, and that he never heard Ralston claim or disclaim the lot.

Here the plaintiff rested his case, and defendant introduced the following evidence: A deed from Josiah Clayton to Stephen Smith, dated 1st of February, 1850; a deed from Stephen Smith to Josiah Clayton, dated 20th June, 1853; a deed from Josiah Clayton to J. B. Rockley, dated 4th July, 1853, and a deed from J. B. Rockley to Ralston, dated 1st of Jan-

uary, 1860, all for said lot, and recorded on the 14th of May, 1860.

ROCKLEY then testified: that Josiah Clayton went into possession of said lot about 1845, that Ralston went into possession in 1851 or 1852, that he cleared about five acres of it, planted an orchard, making improvements worth about $35.

SEABORN HOLT testified the same in substance.

SAMUEL RALSTON, defendant's nephew, testified: that defendant claimed under Samuel M. Ralston, (heard defendant say so before this suit was brought) and that defendant went into possession in 1851.

The verdict was for the plaintiff, for the premises in dispute and costs.

A new trial was moved for on the grounds that the verdict was contrary to the charge of the Court, against law and evidence, &c., because of newly discovered evidence, and because the Court erred in refusing to permit Samuel M. Ralston to be made a party defendant.

It does not appear what the charge of the Court was. It is agreed that the Court refused to allow Samuel M. Ralston made a party because his deed was made after suit brought.

The newly discovered evidence was, that General A. J. Hansel knew John Peck, of Morgan county, Georgia, by whom the deed to Smith purports to be signed, (by his mark) and knew that said Peck was a good business man and wrote well. . This was stated in an affidavit by Ralston, with the averment that Hansel had so told him since the trial, that he did not know it before, and that he verily believed said deed to Smith was a forgery. No affidavit from Hansel was presented, nor any reason given for not presenting it.

The Court refused a new trial, and this is brought up for review.

WEIR BOYD, for plaintiff in error, contended that S. M. Ralston should have been made a party, and cited Adams on Eject., 287–9 ; that Ralston's title was good by the statute of limitations, and cited 5th Ga. Rep., 39, and 25th Ga. Rep.,

178; and that defendant might show title in third person, and bar recovery, and cited 11th Ga. Rep., 121.

JAMES R. BROWN, for defendant in error.

WALKER, J.

We are satisfied that justice has been done in this case. It is true that a landlord may be made a co-defendant with his tenant, when the tenant is sued for the possession of the land, and he may also defend in the name of his tenant. In this case, Samuel M. Ralston purchased the land after suit was brought; in other words, bought a law-suit. On the trial, his deed was admitted in evidence; no testimony which he offered was rejected; he had the full benefit of any defence he was able to set up. Under this state of facts, shall a new trial be granted in order that another jury may pass upon the same evidence? The present verdict is right; it was rendered after Samuel M. Ralston had exhibited his title and urged all he had to say in its favor. We can see no good reason for remanding the case. Perhaps if we thought that justice had not been done, we might seize upon this as a ground upon which to set aside the verdict; though during the present term, in the case of Richardson vs. Harvey, from Floyd, we held, that in proceeding to eject a sub-tenant, holding under the party renting the land, it is discretionary with the Court to allow the party renting to be made a party to the suit, or to require him to defend in the name of his sub-tenant. Of course, if the discretion of the Court were abused, this Court would correct it. We see no abuse of discretion in this case.

Judgment affirmed.