JAMES M. ALSTON, plaintiff in error, *vs.* JOHN T. WING-
FIELD, administrator, defendant in error.

1. A vendor of real estate, who sells it upon credit, taking the vendee's
notes and giving bond to make titles when the purchase money is paid,
has a right to sue in ejectment upon the failure of the vendee to pay
the notes, or either of them, according to their tenor and effect. Nor
does his receipt of a portion of the purchase money, even after all the
notes are due, alter this right to sue and recover the land. He may,
at law, do so at his pleasure. It is only in equity that the vendee can
restrain him, and even then he must show that he is not himself in de-
fault, or must allege that he is ready, and offer to comply with his
own duties under the contract.

2. When three promissory notes were due at fixed times, and after the ma-
turity of all of them, the following words were written across the face
of each, and signed by the maker: "I agree to pay ten per cent. on
this bill till paid:"

*Held,* that this was no fixing of any new day of payment of the notes;
nor is it competent to show by parol that the time agreed upon was ten
years, it not appearing that the failure to fix the time was left out of
the writing by accident, fraud or mistake. The writing speaks for it-
self, and leaves the debt due and the maker of the note in default so
long as the note remains unpaid.

3. That the defendant in an action of ejectment has been adjudged a
bankrupt since the verdict against him in the superior court, is no
ground for staying the proceeding in this court, on a writ of error
brought by said defendant complaing of error in the judgment below,
and especially is this true if there be no verdict for *mesne* profits.

Vendor and purchaser. Bond for titles. Ejectment. Prom-
issory notes. Evidence. Bankrupt. Practice in the Su-
preme Court. Before Judge CLARK. Sumter Superior Court.
October Term, 1873.

On November 20th, 1867, Nicholas Wylie sold to James
M. Alston a tract of land in the seventeenth district of Sum-
ter county, containing three thousand seven hundred and fifty
acres, at the price of $21,000 00, for which Alston gave his
three notes, each for $7,000 00, and due January 25th, 1868,
1869 and 1870, respectively. The following is a copy of the
first note; the balance are similar, except as to the time of
maturity:

Alston *vs.* Wingfield.

"$7,000 00.    WASHINGTON, GEORGIA, Nov. 20th, 1867.

"On or before the 25th of January, 1868, I promise to pay Nicholas Wylie, or bearer, seven thousand dollars, it being in part payment for land in Sumter county, in said state, specified in bond for titles bearing even date with these presents, with interest from 25th December, 1867.    Value received.

(Signed)                                    "J. M. ALSTON."

Wylie gave to Alston his bond conditioned to make titles to him "on the receipt of the said sum of $21,000 00, and the interest which may accrue thereon."

On February 10th, 1870, a credit of $3,000 00 was indorsed on the first note, signed by Wylie.    On December 23d, 1870, the following entry was made on the back of the sheet of paper upon which all three of the notes were written:

"I promise to pay ten per cent. on the within notes from the first of January, 1871, until the notes are paid off.

(Signed)                                    "JAMES M. ALSTON."

Wylie died in 1872, and letters of administration issued to John T. Wingfield on August 6th, of that year.    The purchase money, with the exception of the $3,000 00 aforesaid, remaining unpaid, Wingfield, as administrator, commenced his action of complaint for the land.    The defendant, Alston, pleaded as follows:

1st. The general issue.    2d. That the condition on which plaintiff's intestate let the defendant into the possession of the land had not been broken, because before the maturity of the notes for the purchase money of the land, he, for a sufficient consideration, extended the time of performance to November 1877.    3d. That defendant's continuance in possession did not depend on the performance of any condition, there being no time fixed in the bond within which payment was to be made, so as to make non-payment of the purchase money a breach of the condition on which possession was held.    4th. That plaintiff's intestate, for a sufficient consideration, on December 23d, 1870, extended the day of payment of the pur-

chase money indefinitely. 5th. That the defendant was induced to purchase said property on. the faith of Wylie's representations that he had complete title to, and possession of, the same, and that the defendant should have ten years in which to pay therefor, without being disturbed in the possession ; that Wylie's title and possession was not full and complete, in this, that one James Whitby was in adverse possession of five hundred and five acres of the land, claiming the same as his own, and the title to which was then in litigation ; that Wylie had agreed not to require any further payment until this litigation was terminated ; that defendant had placed improvements on the property to the value of $15,000 00, and had paid $4,000 00 of the purchase money, all of which he claimed should be refunded before the plaintiff was entitled to recover.

When the case was called for trial, the defendant presented a bill based substantially upon the grounds taken in the foregoing plea, asking that the suit be enjoined. The injunction was refused, and the defendant excepted.

The plaintiff demurred to the defendant's pleas. The demurrer was sustained as to all except the general issue, and that setting up an agreement on the part of Nicholas Wylie as to an extension of the time of payment of the purchase money. To which ruling the defendant excepted.

The plaintiff introduced in evidence the bond for titles executed by his intestate to the defendant (produced under notice,) the defendant's notes for the purchase money, and his letters of administration.

The defendant moved for a non-suit upon the ground that no cause of action was shown by the testimony. The motion was overruled, and defendant excepted.

The defendant introduced in evidence the entries on the notes for the purchase money hereinbefore set forth. · Also, George W. Warwick, who testified, substantially, as follows : 'Was the confidential friend and adviser of Nicholas Wylie. Had several conversations with him in 1869, 1870, and February, 1871, in relation to the purchase of the premises in

dispute by the defendant, in all of which he said that the defendant should have ten years in which to pay the purchase money; that he had so agreed, and that he intended to incorporate this agreement in his will; that witness heard nothing about paying interest.

Also, a letter from Wylie to the defendant, of date November 9th, 1869, in which, after giving him some general advice as to the management of the plantation, and recommending him to rely upon Mr. Warwick, he uses this language: "You had better let a part of the land rest than to let other people tend it and get all that is made on the land, if it takes you ten years to pay out and have stock enough. You have a good fortune there. I am disposed to stand up to you as long as I see you are pursuing the right way."

The defendant closed.

The plaintiff moved to exclude all the testimony of Warwick and the above letter. The motion was sustained, and the defendent excepted.

The defendant requested the court to charge the jury as follows:

" 1st. The plaintiff must recover on the strength of his own title and not upon the weakness of defendant's.

" 2d. If you believe from the evidence that in December, 1870, the parties made a new contract by which Wylie extended the time of payment, then you cannot find for the plaintiff on the original contract.

" 3d. If you find for the plaintiff you may allow the defendant a reasonable time to pay for the land and require Wylie's estate to make good titles."

The court refused to charge as requested, and defendant excepted.

The court charged the jury as follows: "If you believe from the evidence that Nicholas Wylie, in his lifetime, sold the premises in dispute to the defendant, the defendant giving to Wylie his notes for the purchase money, payable at different dates, and Wylie giving his bond to make the defendant titles when the purchase money was paid, and that the de-

fendant went into possession of the land under this contract, and that the notes given for the purchase price agreed on are past due and unpaid, then the plaintiff is entitled to recover the premises, and you should so find." To which charge the defendant excepted.

The jury found for the plaintiff. Error is assigned upon each of the above grounds of exception.

When this case was called in the supreme court, counsel for plaintiff in error called the attention of the court to the fact that his client had been adjudged to be a bankrupt since the rendition of the verdict in the court below, and objected to further proceeding. The motion was overruled, and the principle embraced in the third head-note announced.

HAWKINS & HAWKINS; R. F. LYON; J. R. McCLESKEY, for plaintiff in error.

R. TOOMBS, for defendant.

McCAY, Judge.

1. This court is committed by numerous decisions to the general doctrine that in the case of the executory sale of land where the purchase money is not paid and no deed made, but only a bond for titles given, conditioned to be void if the vendor make titles on the payment of the notes, that the title, and therefore the right to sue and recover in ejectment, remains in the vendor until the purchase money is *all* paid: *Solomons vs. Day*, 40 *Georgia*, 32; *Thompkins vs. Williams*, 19 *Ibid.*, 569; *Doy, ex dem., Miller vs. Swift*, 39 *Ibid*, 91; *Ware vs. Jackson*, 19 *Ibid.*, 452; *McHan vs. Stansell*, 39 *Ibid.*, 197. And this works no wrong to the vendee, at least as between him and the purchaser, for he can always in equity, and perhaps under the Code, at law, pay, or offer to pay, by bringing the money into court, the amount due, and demand his title. We have looked into the cases referred to by the plaintiff's counsel, but we do not think they meet his case. The references to Tyler on Ejectment are, as we understand them, in harmony with the doctrine we

insist upon in the case of executory contracts for the sale of land. There are, doubtless, special rules applicable to the relation of landlord and tenant, but they stand upon their own nature. In the case of a vendor of land who has given bond for titles on the payment of the purchase money, the very purpose of retaining the title is to protect himself by insisting on his legal right. We recognize that if the vendee pays or makes improvements, that he has an equity, even after condition broken, to pay the balance and demand a title. But the vendor's right is the legal title, and, therefore, the legal right to the possession, unless the vendee comply with the bargain on his part. The land, until the purchase money is all paid, is legally the property of the vendor, and subject to be sold under a judgment against him, even though that judgment be obtained after the date of the bond.

2. We are not prepared to say that if a new day of payment were definitely and legally agreed upon, that the right to sue might not be waived; but that ought to definitely and distinctly appear. Northing appears here but a stipulation for ten per cent. interest until paid. That fixes no new day. The holder of the notes is not prevented from suing next day. An agreement to fix a new day, and thus extend the terms of the bond, is, in effect, an agreement in relation to the sale of land, or an interest therein, and ought to be in writing, under the statute of frauds. It is not pretended that it was in writing, or that it was intended to be in writing. The truth is, that the agreement, if one there was, was, in its nature, so loose that it was obviously impossible to put it in writing. At any rate, it was nothing but a parol agreement.

3. We do not see what the bankruptcy of the plaintiff in error has to do with this case. The verdict in ejectment, by the superior court, ousted him of the land. If anybody has a right to object to the prosecution of this case here, it is the defendant in error. He is not acting—he is the sufferer— he is not proceeding. On the whole, we affirm the judgment.

Judgment affirmed.