## Forrester vs. The State of Georgia.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Retailing done in a man's kitchen by his servant, and in his presence, with his consent and approbation, may be deemed his own act as well as the act of the servant. The evidence was sufficient to warrant the verdict.

Criminal law. Master and servant. Principal and agent. Before Judge LESTER. Pickens Superior Court. April Term, 1879.

Forrester was placed on trial for the offense of retailing without license. He pleaded not guilty, but the jury found to the contrary. A motion for new trial was made because the verdict was contrary to evidence and to law. The motion was overruled and defendant excepted.

C. A. STEED; W. T. DAY, for plaintiff in error.

THOMAS F. GREER, solicitor-general, for the state.

BLECKLEY, Justice.

A witness for the prosecution testified as follows:

"I never bought any brandy, whisky or other liquors from the defendant himself. I have frequently bought whisky in quantities less than one quart at the defendant's house and in his presence, but I got the whisky from a hired woman by the name of Mary who was hired by, and in the service of, the defendant, and who cooked and did

housework for the defendant and his family. This hired woman was an old-like woman about forty years of age, judging from her appearance, and lodged in defendant's kitchen. I got the whisky in the kitchen each time. I have also got whisky there on several occasions by the quart, in the same way as before stated. I bought the whisky at different times in 1876, 1877 and 1878; did all before the April term, 1878, of this court. When I would ask the defendant for whisky he would tell me to go to Mary, and when I would offer him the price of it, he would tell me to give the money to Mary, which I did on each and every occasion." Counsel for defendant asked witness if the defendant when applied to for whisky did not say that he had none but that Mary did have some? to which witness replied, "no, he never said that, but would say 'go to Mary.' All this occured in the county of Pickens, state of Georgia."

In the defendant's kitchen, by his servant, in his presence, and with his co-operation through the responses, "Go to Mary," and "Give the money to Mary," the traffic was carried on. There is little doubt that the defendant was the deity of this rude shrine, and that Mary was only the ministering priestess. But if she was the divinity and he her attending spirit to warn thirsty devotees where to drink, and at whose feet to lay their tribute, he is amenable to the state as the promoter of forbidden libations. Whether in these usurped rights he was serving Mary or Mary him, may make a difference with the gods and godessses, but makes none with men.

Cited by counsel, 15 *Ga.*, 346; 27 *Ib.*, 422; 37 *Ib.*, 607.

Judgment affirmed.