## Dukes v. Baugh.

1. Where one bargained to another a tract of land, receiving a small payment in cash and two promissory notes for the balance of the purchase money, maturing at different times in the future, and gave to the vendee a bond conditioned to make to him a good and sufficient title to the land if he "shall promptly pay the said several notes at the times specified," and the vendee, after cultivating the land one year, practically abandoned the possession of it, failed to pay either of said notes at maturity, did not attempt to do anything more with the land or assert "any right over it in any shape or form," and never at any time paid any taxes thereon, and the vendor, without objection on his part, took possession of the property and retained possession thereof for more than four years, no sufficient reason or excuse for the failure of the vendee to pay the notes appearing, the latter was not then entitled, by tendering the balance of the purchase money with interest, to compel a specific performance by the vendor, and thus obtain a deed to the property. It was the right of the vendor, after default by the vendee as stated, to rescind the contract by re-entering the land, taking possession of the same, and tendering to the vendee the money he had paid, or such portion thereof, if any, as might be due him on a fair settlement between the parties. The vendee cannot complain of the exercise of this right when he shows no reason whatever for failing to pay his notes as stipulated, nor is the tender mentioned an essential to a rescission when the conduct of the vendee, as herein recited, amounts to a consent to the rescission without such tender. See *McDaniel* v. *Gray & Co.*, 69 *Ga.* 433; Benedict *v.* Lynch, 1 Johns. Ch. 376; Kirby *v.* Harrison, 2 Ohio St. 326, 59 Am. Dec. 677; *Hudson* v. *Duke*, 21 *Ga.* 403.

2. The grant of a nonsuit was not error.       *Judgment affirmed.*
   October 17, 1892.

Before Judge Marshall J. Clarke.   Fulton superior court.   March term, 1892.

Dukes brought his action against Mrs. Baugh to compel specific performance of an alleged contract for the sale of land. Attached to his petition was a copy of a bond for title relied on by him, given to him by Mrs. Baugh on April 9, 1884, reciting that she had that day agreed to sell him a certain described tract of land for $800, of which amount he had paid her in cash $50, and had made and delivered to her his two promissory

notes, bearing interest at eight per cent. per annum, and due respectively November 1, 1884, and November 1, 1885; and that if he should pay her these notes promptly, then she was bound to execute to him a good and sufficient title to the land, but on his failure to pay them, or either of them, at the times therein specified, the obligation to be void. After plaintiff had introduced his testimony, defendant moved for a nonsuit on the ground that, as shown by the evidence, Mrs. Baugh had rescinded this contract and retaken possession of the land, and therefore plaintiff had no right to a specific performance. This motion was sustained, and the plaintiff excepted.

Upon the trial plaintiff first read the deposition of defendant to the following effect: Sold Dukes a piece of property of about ten acres in 1883 or 1884. Frank Magee was my agent. He had authority to receive the money and negotiate in all relations between myself and Dukes in regard to this property; what I mean is, that he had authority to receive the money and receipt for it, and that was all the authority he had. After the trade was closed and the bond signed, he had authority to receive the money and receipt for it, and that was all the authority he had. Dukes never cultivated this land or lived on it after he bought it. It was a vacant piece of property in a large field of about forty acres, run off by a surveyor and staked, but not fenced in or marked in any other way. I asked Magee why he did not pay the money when the second note became due. I took possession of the land and paid the taxes and cultivated it after that time. Dukes made a demand on me in May, 1890. I was in possession and cultivated it from then until now (March, 1892). I never had any transaction with Dukes in person. I left that to my agents, Leak & Lyle. They sold the property, and I got Magee to receive the money for

me and receipt for it. Magee received the notes. I approved everything that he did, as far as I knew. I knew of nothing except his receiving the notes. I was present when the bond was signed and he took it. The first year Dukes bought the land it was sowed in oats, and the next year Scarborough rented the whole field from me. I received part of the rents, but he managed it so badly as not to make much. Magee held the bond and notes with my approval. I had no information whatever about the $150 claimed to have been paid to Magee by Dukes.—Miss Magee testified that she was familiar with the handwriting of B. F. Magee, and that she recognized the signature to a receipt, "Mrs. Mary A. Baugh, per B. F. Magee," as that of B. F. Magee. The body of the receipt was in a different handwriting. It purported to be a receipt for the payment of $150 by Dukes to Mrs. Baugh on December 9, 1884, and was admitted in evidence.—Dukes testified: I bought a piece of property from Mrs. Baugh. I cultivated it; took possession of it from the time I bought it in April, 1884, and the remainder of the year, and received the rents from it. I took the land and cultivated it from the time the bond was signed, for the balance of the year. I made a tender of $1,000 on June 2, 1890, to Mrs. Baugh. She refused to accept the money. I demanded my notes. I told her there was the principal and interest, and I wanted a deed. She refused to make me one. Did not tell Magee that I had abandoned the contract; did not tell him I had paid $50 and could not pay the balance, nor did I tell Calhoun I had abandoned the contract. I did not undertake to cultivate the land in 1885, and have never undertaken since that time to cultivate it or do anything with it. Did not make any objection to Mrs. Baugh cultivating it after that time. Did not give her permission to do it; I knew nothing of it. Have never paid

any taxes at all; paid none in 1884. Did not take possession or claim it or hold it after 1884, or assert any right over it in any shape or form. The reason I did not cultivate it after 1884 was, that it was so thin there could not be very much made on it. The rents I received from it were so small, it was not worth bothering with, and I would not worry with it for such rents as I received from it.—Plaintiff tendered in evidence the record of a suit filed in 1886, of John M. Dorsey *v.* Ed. Baugh, and counsel agreed that the verdict and judgment were had, November, 1888, for defendant. The brief of evidence does not state what this suit was about. Plaintiff also put in evidence the bond for title. One Rose testified that in the spring of 1890, Dukes tendered Mrs. Baugh $1,000 to pay balance on some land he had bought, but she would not receive it, would not discuss the matter and went out of the room. Scarborough testified that he rented a piece of property from Dukes at East Point in 1884, and paid the rents in 1884 to Mrs. Dukes; held it after Dukes got possession for the balance of 1884, as Dukes' tenant. Plaintiff then tendered defendant $1,000 in cash, and deposited the money with the clerk as a continuing tender.

THOMAS F. ASHWORTH, for plaintiff.
HALL & HAMMOND, for defendant.