O'BRIEN et al. v. CHAMPLAIN CONSTRUCTION CO. et al.

(Circuit Court, D. Vermont. March 6, 1901.)

1. RAILROAD CONSTRUCTION—CONTRACT—ESTIMATES OF ENGINEER—MISTAKE OR FRAUD—EQUITY JURISDICTION.

A bill by contractors on a railroad construction contract based on mistake or fraud in the estimates of defendant's engineer, whom the contract undertook to make an arbitrator as to quantities of work and most other questions which might arise under it, discloses a subject for equity jurisdiction.

2. SAME—PROPER PARTIES.

A bill by contractors on a railroad construction contract against the construction company and the railroad company alleged that the former company was a myth representing the railroad company 'which was sought to be followed. *Held* that, if these allegations were true, the railroad was liable, and both were proper parties.

3. SAME—AGREEMENT TO PAY CONTRACTORS—RELEASE OF GUARANTOR.

A release of a guarantor of a railroad construction company's agreement to pay contractors for their work, resulting from an extension of time for its completion without the guarantor's assent, would not release the latter from liability for what had been done before the extension.

4. SAME—MULTIFARIOUS BILL.

A bill against a railroad construction company and others alleged a contract with it to build a road, to be paid for at a specified price per cubic yard, on estimates of the company's engineer, which were claimed to be either mistaken or fraudulent, and to have resulted in plaintiffs' failure to complete the work within the agreed time, on account of which they were excluded therefrom. Alleged guarantors of the company's agreement to pay for the work were also alleged to have agreed, for the purpose of inducing the contract, to pay plaintiffs an additional five cents per cubic yard. *Held* that, if the fraud or mistake was shown, an account of the work done by plaintiffs was necessary, both as to the construction company and its guarantor, and that the alleged contract of guaranty and to pay the additional five cents per cubic yard were ancillary to the main contract, and hence making both the guarantors and promisors parties to the bill for such accounting did not render it multifarious.

5. JOINDER OF OFFICERS WITH CORPORATION DEFENDANT.

Joinder with a defendant corporation of its officers who took part in the transaction on which the suit was based was proper, though no decree against them personally may be appropriate.

In Equity. For former opinion, see 104 Fed. 930.

Thomas W. Moloney, for plaintiffs.

William H. Button and Frederick H. Button, for defendants.

WHEELER, District Judge. This bill is brought upon a contract in writing for building the Rutland-Canadian Railroad at prices by quantities of work done, including, "Rubblestone embankment, per cubic yard, 40" cents, to be paid for on estimates of the chief engineer of the construction company, performance by which was guarantied in writing by the Rutland Railroad Company. All these corporations, with some of their officers alleged to have taken part, are made defendants; and the bill alleges that one of these officers, to induce the plaintiffs to enter into the contract, orally agreed in behalf of himself and the railroad companies to pay five cents additional per cubic yard of rubble embankment. The bill further alleges

that the plaintiffs entered upon the work at great expense; that the engineer's estimates of the work to be done were so much too small that it could not be completed within the agreed times; that the estimates of the engineer on which monthly payments were to be made were purposely represented too low; that the times for completing the work were from time to time extended by the construction company; and that the work was finally taken over by the defendants, and the plaintiffs excluded from it, to their great injury and damage. This bill has been demurred to by the corporations and by the individual defendants, except one resident of another district, who has moved to dismiss principally for want of equity because of the remedy at law, and for multifariousness. These demurrers and this motion have now been heard. The allegations of the bill are now to be taken as true, however they might turn out to be on proofs. They have not here been undertaken to be stated further than in outline, to show the nature of the questions now raised. This contract undertakes to make the chief engineer an arbitrator as to all these quantities, and most other questions that might arise under it.

No head of equity jurisdiction appears to be better or more firmly settled than that over mistakes or frauds in arbitrators. In Story's Equity Jurisprudence, chapter 39 is devoted to it. Herrick v. Belknap's Estate, 27 Vt. 673, was in equity in respect to such a contract as this, and the jurisdiction was well maintained in an opinion by Chief Justice Redfield. At law the award might be conclusive as to the conduct of the arbitrator, and noncompliance with the requirement of submission to the arbitrator might be a defense, however inequitable it might be. That case is ample authority for, and a good example of, such a bill as this, as to the principal parties to the contract. The construction company is alleged to be a myth representing the Rutland-Canadian Railroad Company, which is sought to be followed. If these allegations are true, the latter company may be liable, and both are proper parties. In the case cited, Belknap made the contract, but his estate and the railroad company were both made defendants, and an account was taken of the amount of work done. Here, if the estimates of the engineer are set aside as fraudulent or mistaken, an account of the work done by the plaintiffs is necessary; and, if the requirement of submission to the chief engineer is superseded or obviated, an account of damages for terminating the work may be proper. The Rutland Railroad Company is said to appear to have been released from its guaranty by the extensions of time shown by the bill, without allegations of any assent thereto. But the extension would not release the guarantor from liability for what had been done before the extension, however it might be as to what was done afterwards. And the liability on the agreement for the five cents per cubic yard of rubble embankment is said to be purely at law, if anywhere. But this liability, if any, is for the same number of cubic yards of such embankment as the principal parties to the main contract may be liable for; and, if an accounting is necessary as to them, it is as to all, to ascertain the number of such yards. The making of the guarantors and these promisors parties to the bill for such an accounting does not produce multifariousness.

There is but one main contract. The others are ancillary to it. And the elastic methods of a court of equity, by which the respective liabilities of the several parties may be decreed, are peculiarly appropriate to the situation. The joinder of officers taking part in such proceedings is quite usual and proper, although no decree against them personally may be appropriate. The statutory liability of the officers mentioned may not be a proper foundation for such a decree here, but that does not prevent making them parties on the other ground. The bill appears upon this examination to be well and aptly framed for the purpose of the case disclosed, and it should be answered.

The motion of the defendant Harding, who does not reside in this district, is not opposed, and the bill is therefore dismissed as to him, but without prejudice and without costs. Demurrers overruled; defendants to answer over by April rule day. Bill dismissed as to Harding without prejudice and without costs.