## WIMPEE *v.* BURT *et al.,* executors.

PER CURIAM. A vendor of land executed and delivered to the vendee a bond conditioned to make to the vendee good and sufficient title to the land upon the payment of the purchase-money, evidenced by promissory notes. The vendee having defaulted in the payment of the purchase-money notes, the vendor filed suit thereon. While this suit was pending the vendor instituted ejectment against the vendee to recover the land. To this action the defendant filed a plea .in abatement, and alleged the pendency of the prior suit upon the purchase-money notes. She also answered, in substance, that she purchased from the plaintiff a large tract of land composed of several distinct parcels and lots described in the bond for title, at the price of $8500; that she paid to the plaintiff $2500 in money at the time of the purchase, and subsequently $600 in money at one time, and $160 in money at another time; that the possession of a certain tract of land consisting of 55 acres described in the bond for title and a part of land purchased by the plaintiff from the defendant had not been delivered to the defendant; that the plaintiff did not have and had never had title to the tract of 55 acres, and could not convey the same to the defendant; that said tract of land was of the value of $2750; and that defendant had taken possession of the land described in the bond for title, with the exception of the 55 acres aforesaid, and had made certain valuable improvements thereon, permanent in character. She prayed, that plaintiff be not allowed to recover the land; that he be required to account to her for the sums of money paid by her on the purchase-price of the same, for the value of the 55-acre tract to which plaintiff did not have title, and for the value of the improvements so made; that, upon accounting, it be decreed that she had fully paid the purchase-money due to the plaintiff; but, if it should be determined that she had not fully paid the purchase money, that the plaintiff have judgment for such balance, and that she be allowed a reasonable time in which to pay the same, and that she thereupon have a decree for the land described in the bond for title, less the 55-acre tract. *Held:*

1. The plea in abatement was properly stricken on demurrer. *Hines* v. *Rutherford,* 67 *Ga.* 606 (4) ; *Jones* v. *Snider,* 99 *Ga.* 276 (25 S. E. 668) ; *Coley* v. *Dortch,* 139 *Ga.* 239 (2), 240 (77 S. E. 77).

2. The answer, in the nature of an equitable plea, was insufficient to entitle the defendant to some of the relief prayed, and was otherwise bad in form; but in so far as it prayed for an accounting for the amount paid by the defendant on the purchase-price of the land, which would involve a consideration of the money paid by her to the plaintiff, and also a deduction or allowance for the value of the 55-acre tract, to the end that the amount due by the defendant to the plaintiff might be ascertained and declared by the court, the plea set up substantial equities and was sufficient as a basis for a decree. If upon the accounting prayed it should be determined that the defendant had fully paid the purchase-money, she would be entitled to the relief prayed; if it should be determined that she had not fully paid the purchase-price, she would be entitled, upon the payment of the balance due, to a decree for the portion of the land to which the plaintiff could execute title in conformity with his bond. It was error, therefore, to strike the plea

in its entirety. *Couch* v. *Crane*, 142 *Ga.* 22 (82 S. E. 459); Civil Code, § 4638.

*Judgment reversed. All the Justices concur, except Gilbert, J., dissenting.*

No. 620. SEPTEMBER 14, 1918. REHEARING DENIED SEPTEMBER 25, 1918.

Ejectment. Before Judge Wright. Floyd superior court. September 1, 1917.

*Sharp & Sharp, W. M. Henry,* and *J. M. Hunt,* for plaintiff in error.

*Denny & Wright* and *Barry Wright,* contra.

GILBERT, J., dissenting. 1. That the court did not err in sustaining the demurrer to the answer of the defendant is obvious from consideration of a few well-established principles. Courts are bound to respect valid contracts. Whatever the real equities between litigants, courts are powerless to afford any further relief than the pleadings permit. A plaintiff's petition is no broader than its prayers. The measure of relief under the petition and proof is that which, in whole or in part, is appropriate to the prayer. 16 Enc. Pl. & Pr. 794; *Southern Ry. Co.* v. *State,* 116 *Ga.* 276 (42 S. E. 508). The prayer is the request for relief to which the party thinks himself entitled. Relief may not be denied for excessive prayer. *Kupferman* v. *McGehee,* 63 *Ga.* 250. There can be no just complaint if one is dismissed for insufficient prayer. "Where specific relief alone is prayed for, the plaintiff is generally confined in his recovery to the specific relief asked." 16 Enc. Pl. & Pr. 803. Under a general prayer the plaintiff may have such relief as is consistent with and entirely within the scope of the pleadings; but in the present case there is no prayer for general relief. *Peek* v. *Wright,* 65 *Ga.* 638; *Hickson* v. *Mobley,* 80 *Ga.* 314 (5 S. E. 495); *Copeland* v. *Cheney,* 116 *Ga.* 685, 687 (43 S. E. 59); *Pound* v. *Smith,* 146 *Ga.* 431 (91 S. E. 405). The same principles apply to a cross-petition seeking equitable relief. Responding to a suit in ejectment the defendant filed an equitable plea, alleging that she purchased the land and paid a portion only of the purchase-price; that she made valuable improvements on the land; and that there was a deficiency in the quantity of the land. Her prayers all seek retention of the land. This she can not have without payment of the full purchase-price or a tender thereof. *Alston* v. *Wingfield,* 53 *Ga.* 18; *Hill* v. *Winn,* 60 *Ga.* 337; *Grace* v. *Means,* 129 *Ga.* 638 (59 S. E. 811); *Jackson* v. *Harrison,* 147 *Ga.* 631 (95 S. E. 215); Martin's paper, 9 Ga. Bar Asso. 120.

2. The defendant prays for an accounting, but asks for no money judgment in the event any amount is found due her by the plaintiff. The prayer is, if it is found that the payments to the plaintiff, together with the amount of damages sustained by reason of the deficiency in the quantity of land, as well as the valuable improvements made thereon, fully pays the obligation, that the defendant have judgment for the land less the 55 acres deficiency. To have decreed this the court would have been compelled to enforce a different contract for the parties; and this the courts can not do unless there are pleadings and facts authorizing a reformation. There is no suggestion of reformation in the record. The court is powerless to decree the performance of a portion of the contract; for rescission generally applies in toto. "It abrogates the contract, not partially, but completely." *Lytle* v. *Scottish American Mortgage Co.,* 122 *Ga.* 458 (3), 466 (50 S. E. 402). If the plea and answer could be construed as sufficient basis for a judgment of rescission, the facts alleged therein are wholly insufficient. Defendant went into possession, on the date of the contract, of all of the land now in her possession. The deficiency, if any, must have been known to her at once. Notwithstanding this fact she accepted the situation and thereafter made two partial payments on the purchase-money notes. This alone would bar rescission. To entitle a vendee to rescission he must act promptly upon the discovery of his right, and must restore or offer to restore whatever he has received from the vendor. *Tuttle* v. *Stovall,* 134 *Ga.* 325, 329 (67 S. E. 806, 20 Ann. Cas. 168); *Couch* v. *Crane,* 142 *Ga.* 22, 29 (82 S. E. 459). There are no averments in the answer justifying a rescission. Compare *Commercial Co.* v. *Campbell Co.,* 111 *Ga.* 388 (36 S. E. 756).

The plaintiff's suit was in ejectment, and therefore based upon his legal, and not equitable, rights. It was essentially a suit to gain possession of his own land to which he held the legal title. It was his privilege to proceed at law; and as long as the suit continued to be of that character, he holding the title to the land, nothing else appearing, he was entitled to recover the possession thereof. The defendant could not defeat this recovery by simply setting up the contract of purchase and sale with a portion only of the purchase-money paid. Such a defense was subject to general demurrer. The defendant, under such circumstances, had the undoubted right to convert the suit into an equitable proceeding

by making proper allegations and prayers. By such a conversion the defendant, by availing herself of equitable rights, became bound by definite equitable obligations. These obligations are well established by the adjudications of this court. If she desired to stand upon these equitable rights, she was bound, as a condition precedent to recovery of any portion of the purchase-money already paid, to offer to pay the rent and the damages sustained by the vendor by reason of the breach of the contract by the vendee, and to return the land to the vendor. If this had been done, the vendee would be entitled to the balance of the purchase-money previously paid on account of the contract. *Lytle* v. *Scottish American Co.,* *Couch* v. *Crane,* supra. The vendee in the present case did neither of these things, but simply asked for an accounting, the purpose of which is that if the money found to have been paid, added to the value of improvements and alleged damages on account of deficiency in the land, in the aggregate equals the value of the land, the defendant have title to the land decreed in her; and this is not aided by a prayer for general relief. Her allegations in regard to valuable improvements can avail her nothing; for, so long as the vendee retains the land, the improvements, however valuable, can be of no possible benefit to the vendor. The effect of the prayer in this particular is that the improvements, made by the vendee for her own benefit, be credited on the purchase-price of the land.

The prayer for damages on account of deficiency in the land can not avail the vendee, because the land was not sold by the acre but as an entire body, and can not be apportioned. The bond for title described the land to be conveyed as "a certain tract or parcel of land [specifying by number certain lots and portions of lots of land], all aggregating 613 acres, more or less." It is to be observed that the integral parts composing the whole tract are not referred to in the plural, but, on the contrary, as a tract or parcel, all aggregating 613 acres, more or less. The quantity is specified as "more or less," which covers any deficiency not so gross as to justify the suspicion of wilful deception or mistake amounting to fraud. Civil Code (1910), § 4122; *Baker* v. *Corbin,* ante, 267 (96 S. E. 428). There is no allegation in this petition suggesting "wilful deception or mistake amounting to fraud." If the petition and prayers can be construed as asking for damages on account of a breach of warranty in the sale of the land by way of abatement in the purchase-price, as provided in the Civil Code (1910), § 4136,

the reply is that the amount of damages alleged in the answer, together with the amount of money already paid, is not sufficient, according to the answer itself, to fully equal the contract price for the land, and the vendee makes no tender of the balance over and above these two amounts in order to fully execute the contract. Applied alone to the purchase-money payments the prayer for accounting is useless, as the amount of these payments is stated in the plea with definiteness.

The vendee can derive no comfort from § 4638 of the Civil Code, because that section applies where a vendor seeks specific performance of a contract, and provides that he must show ability to comply substantially with every part thereof. It further provides that a want of title or other inability as to part of the contract will not be a good answer to the vendee seeking specific performance, who is willing to accept title to part, receiving compensation for the other. If the answer can be construed as being based on this section, it is fatally defective, because, after conceding all of the claims of the vendee as alleged by her, a balance remains due the vendor, which the vendee fails to tender, and, as has been previously stated, the defendant can not defeat a recovery without paying or tendering the balance due on the purchase-price. It is respectfully submitted that the case of *Couch* v. *Crane,* supra, is not authority for the ruling made in the second headnote. In that case the plaintiff proceeded in equity, and sought for a money judgment from the defendant and for an accounting. There was a prayer for general relief, to which no special demurrer was interposed. Having gone into equity, asking for equitable relief, the vendor was bound to do equity as a condition precedent to recovery. The defendant admitted the material facts of the petition; and in addition he alleged, that the vendor was guilty of fraud in entering into the contract; that the land was overvalued; that valuable improvements had been erected; that there was a deficiency in the land; that the defendant had paid more than the land was worth; and he prayed for a money judgment against the vendor. The defendant made no effort to retain possession of the land, but expressly prayed for a rescission of the contract. The court dismissed the plea for rescission on demurrer, but held that that part of the answer seeking an equitable accounting was responsive to the plaintiff's petition, remarking that the prayer for equitable accounting "may not be technically drawn and may be open to

special demurrer," but not to a general demurrer. In the instant case the plaintiff did not proceed in equity, but filed a plain suit at law, standing on his legal title, asking for recovery of the land, possession of which he had yielded under a contract which the vendee breached. If the defendant is allowed the full amount of payments which she alleges she has made, and also her alleged value of the deficiency in land, the total will not equal the aggregate purchase-price. An accounting could do no more than this admission which is made by the demurrer.

3. The defendant prays, should a balance of purchase-money be found due, that plaintiff have judgment for only such balance, giving defendant "a reasonable time in which to pay the same, requiring plaintiff thereupon to execute to her a proper conveyance of the land described in the bond for title." This also would be the enforcement of a new contract made by the courts in reference to the time of payment. The power of the court extends to the enforcement of the contract made by the parties as a whole, or its abrogation as a whole. *Harden* v. *Lang,* 110 *Ga.* 392, 396, 397 (36 S. E. 100). The defendant, while resisting this purpose of the plaintiff, has failed to pay in full, or to tender payment, but in lieu thereof prays that the court make a new contract awarding to her a portion only of the land, extending the time of payment of the balance due after judgment. Under these conditions the court was powerless to afford any relief and could not have done otherwise than to sustain the demurrer to the answer. *Cheney* v. *Copeland,* supra.