WHEELER *v.* LAYMAN FOUNDATION.

No. 12634. JUNE 16, 1939.

*Joseph M. Lang,* for plaintiff in error.

*J. H. Paschall, Wilkerson & Wilkerson, R. F. Chance,* and *F. M. Gleason,* contra.

REID, Chief Justice. The Layman Foundation (hereinafter referred to as the plaintiff), a public-welfare corporation organized and existing under the laws of the State of Tennessee, owned a tract of land lying in Gordon County, Georgia, together with certain buildings and other improvements situated thereon. Before November 6, 1936, the Sunshine Health Center, a public-welfare corporation organized and existing under the laws of Georgia (hereinafter referred to as the defendant corporation), leased this property from the plaintiff, and conducted thereon an institution for the care of "pre-tubercular children." On the above date the plaintiff and the defendant entered into a contract whereby the plaintiff, being "in sympathy with the purposes of" the defendant corporation, agreed to sell, and the defendant, believing "that if it owned said property in fee the difficulty of financing said institution would be lessened and its influence and usefulness increased," agreed to purchase the property for a stated consideration to be

paid in installments. The defendant corporation bound itself therein to pay all taxes and insurance on the property during the continuance of the contract, and the plaintiff agreed that upon the full performance of the terms and conditions of the contract by the defendant corporation it would execute to it "a proper warranty deed," to the property. It was therein further provided that in case of a default by the defendant corporation under the terms and conditions of the contract, and the continuance thereof for a period of 90 days, the plaintiff "shall thereupon assume and exercise the full power to cast all the votes held by the several members of the Board of Directors of the Sunshine Health Center or governing authority, by whatsoever name called, and shall exercise full authority to direct its policies and determine its future." The contract was executed in behalf of the defendant corporation by "Mabel B. Wheeler, President."

The plaintiff brought the present suit in the superior court of Gordon County against the defendant corporation and Mrs. Wheeler, alleging that the corporation had defaulted in the payment of certain installments, insurance, and taxes, and that said defaults had continued for a period of 90 days. The prayers of the petition were: "(a) That defendants herein be enjoined and restrained from carrying on any other or further business for and in behalf of the said Sunshine Health Center Inc., on the premises in dispute; and that defendants be evicted and ousted from possession of the property herein described; and that petitioner be adjudicated sole manager with the full power and authority to determine the future policies of said enterprise under all the rights acquired under and by virtue of said contract. (b) That the contract set out in exhibit A be by proper order and decree of this court declared to have been forfeited; and that defendants be enjoined and restrained from collecting any rents due on said premises, either by themselves, their officers, or agents. (c) That defendants be enjoined and restrained from exercising any further management, authority, or control over said real estate. (d) That defendants be evicted and dispossessed; and that the management, control, and direction of said enterprise be turned over to petitioner. (e) That petitioner do have such other and further relief as to the court seems meet and proper." The defendant corporation did not answer, and failed to appear at the inter-

locutory hearing on the prayers for injunction. Mrs. Wheeler appeared and demurred to the petition. The judge overruled her demurrer, and after hearing evidence entered the following order: "The defendants are enjoined as prayed, and enjoined from interfering with the right of plaintiff to enter upon and control said property as described in within petition and exhibit A thereof." Mrs. Wheeler excepted to the overruling of her demurrer and to the grant of injunction.

Headnotes 1, 2, and 3 need no elaboration.

■ The contract between the plaintiff and the defendant corporation was for the purchase and sale of land. When the terms of the contract are considered, it is clear that the plaintiff retained legal title to the land until the full purchase-price was paid. By the terms of the agreement the plaintiff bound itself to execute to the defendant "a proper warranty deed" upon full performance of the terms and conditions of the contract by the defendant corporation. The relationship created between the parties was similar to that of vendor and purchaser, where notes are given for the purchase-price and a bond for title executed. *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (50 S. E. 402); *Gibson* v. *Alford,* 161 *Ga.* 672 (132 S. E. 442); *Richards* v. *Johnson,* 143 *Ga.* 213 (84 S. E. 543). In such case, upon default by the vendee in the payment of the purchase-price, the vendor has the right (1) to stand on his contract and sue upon his debt, thereby securing a special lien upon the land, and, if a sale of that proves inadequate, to hold the vendee personally for the remainder of the indebtedness (Code, § 67-1501) or (2) he may maintain ejectment or statutory action for the land to regain possession. *Alston* v. *Wingfield,* 53 *Ga.* 18; *Atlanta, Knoxville & Northern Ry. Co.* v. *Barker,* 105 *Ga.* 534, 537 (31 S. E. 452); *Wimpee* v. *Burt,* 148 *Ga.* 418 (96 S. E. 993); *Dunson* v. *Lewis,* 156 *Ga.* 692 (119 S. E. 846); *McDaniel* v. *Gray,* 69 *Ga.* 433, 435; *Dukes* v. *Baugh,* 91 *Ga.* 33 (16 S. E. 219).

■ It is not entirely clear whether it was the intention of the pleader to sue for the land by way of rescission of the contract of sale, or to sue upon the contract and enforce the provision contained therein to the effect that upon default it would have the right to "assume and exercise full power to cast all the votes held by the several members of the Board of Directors of the Sunshine Health Center, or governing authority by whatever name called,

and shall exercise full authority to direct its policies and determine its future." This provision purports to transfer to the plaintiff, upon default, the directorship of the defendant corporation, and is invalid for the reason that such a contract was clearly beyond the power and authority of Mrs. Wheeler, as president of the defendant corporation. It is the general rule that not even the directors of a corporation can delegate the entire control and supervision of the corporation to others. 2 Fletcher's Cyc. Cor. 377, § 496 et seq. Since no special demurrer to the petition was filed, pointing out the ambiguity, and since the factual situation disclosed by the allegations clearly shows a right in the plaintiff to sue for and regain possession of the land bargained for in the contract, and the prayers of the petition, though confused, are sufficient to authorize this relief, the petition will be so construed as to affect the best interests of the pleader. Cf. *Adams* v. *Lewis*, 55 *Ga.* 849, 853; *Royal* v. *Byrd*, 51 *Ga.* 397, and cit. So construed, the petition was not subject to general demurrer.

■ Mrs. Wheeler demurred on the ground that the petition "shows a misjoinder of defendants, in that it is not made to appear as to why defendant Wheeler should be joined in said action with the defendant corporation." This demurrer is without merit. The petition alleged "that while Sunshine Health Center is incorporated, its entire management, direction, and control is conducted by and dominated by defendant Mrs. Mabel Wheeler, who, in effect, makes a private institution of Sunshine Health Center Inc., and is a necessary party to this proceeding." The petition shows that Mrs. Wheeler is intimately connected with the property sued for, by virtue of her alleged management and domination of the corporation and its business. The general weight of authority is to the effect that an agent against whom the judgment to be rendered may apply because of his relationship to the subject-matter is a proper party defendant. See Cedar Lake Hotel Co. *v.* Cedar Lake Hydraulic Co., 79 Wis. 297 (48 N. W. 371); O'Brien *v.* Champlain Construction Co., 107 Fed. 338; Prest-O-Lite Co. *v.* Acetylene Welding Co., 259 Fed. 940. While Mrs. Wheeler may not have been a necessary party to this proceeding, she was at least a proper party.

■ "It is not the function of an interlocutory injunction to oust one person from adverse possession of realty and personalty, and

cause such possession to be delivered to another. This is mandatory." *Dekle* v. *McLeod*, 144 *Ga.* 289, 291 (86 S. E. 1082). "The office of an injunction being, under the Code of this State, merely to restrain and not to compel the performance of an act, this remedy is not available for the purpose of evicting a party from the actual possession of land, the right to which is in dispute between himself and another; and consequently such a result can not be indirectly accomplished by an order restraining the party so in possession 'from further interfering with said lot of land, house and crop' thereon. Such an order, being mandatory in its nature, would afford relief not within the proper scope of the writ of injunction." *Vaughn* v. *Yawn*, 103 *Ga.* 557. See *Nelson* v. *Billingslea*, 187 *Ga.* 492 (1 S. E. 2d, 659), and cit. Under the above authorities, the prayers of the petition seeking to enjoin the defendant from exercising further management and control of the real estate in question were unauthorized, and should have been stricken on demurrer.

■ In a suit of the present character, a court of equity will not by an interlocutory injunction restrain the defendant from conducting its business on the premises in dispute, where it is not shown that the property is deteriorating and that acts of waste are being committed by the defendant, and it does not otherwise appear that it is necessary in order to protect the rights of the plaintiff that such injunction be granted. Cf. *Dixon* v. *Tucker*, 167 *Ga.* 783; *Jordan* v. *Beal*, 51 *Ga.* 602; *Tufts* v. *Little*, 56 *Ga.* 139; *Atlas Savings & Loan Association* v. *Kirklin*, 110 *Ga.* 572 (35 S. E. 776); *Vizard* v. *Moody*, 117 *Ga.* 67 (43 S. E. 426). Nor do the facts set out in the petition show any right in the plaintiff to have an injunction preventing the defendants from collecting certain rents due to the defendants under lease contract executed by them with others, which injunction was sought on the alleged ground that the defendants "will not apply same on the indebtedness owing to petitioner." The petition contains no prayer for mesne profits, and no showing is made that the defendants are in fact indebted to the plaintiff in any sum. It follows that the court erred in overruling the demurrer to that part of the petition seeking injunctive relief, and in granting an injunction.

*Judgment reversed. All the Justices concur.*