DOUGLAS *v.* VOURTSANIS.

No. 15942.   OCTOBER 16, 1947.   REHEARING DENIED NOVEMBER 14, 1947.

*E. L. Douglas,* for plaintiff.

*Mitchell & Mitchell,* and *George C. Mitchell,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ Where one agrees to sell land to another for a stated amount, receives a part of the purchase-price, accepting a note for the balance, and executes and delivers a bond for title obligating himself to convey good and sufficient title therefor on the payment of the note, the relation created between the parties is similar to that of vendor and purchaser. *Lytle* v. *Scottish American Mortgage Co.,* 122 *Ga.* 458 (50 S. E. 402); *Gibson* v. *Alford,* 161 *Ga.* 672 (132 S. E. 442); *Richardson* v. *Johnson,* 143 *Ga.* 213 (84 S. E. 543); *Wheeler* v. *Layman Foundation,* 188 *Ga.* 267 (3 S. E. 2d, 645). In such a case, upon default by the vendee in the payment of the balance of the purchase-price, the vendor has the right to (1) stand on his contract and reduce the purchase-money note to judgment, file a deed, and sell the land; (2) or, where time is the essence of the contract, rescind and bring ejectment; or (3) if the property be vacant, re-enter and take possession. *Alston* v. *Wingfield,* 53 *Ga.* 18; *McDaniel* v. *Gray,* 69 *Ga.* 433, 435; *Dukes* v. *Baugh,* 91 *Ga.* 33 (16 S. E. 219); *Atlanta, Knoxville & Northern Ry. Co.* v. *Barker,* 105 *Ga.* 534 (31 S. E. 452); *Wimpee* v. *Burt,* 148 *Ga.* 418 (96 S. E. 993);

■

*Kite* v. *Vickery,* 153 *Ga.* 304 (111 S. E. 904) ; *Wheeler* v. *Layman Foundation,* supra.

■ The sufficiency of the allegations of the petition to state a cause of action is challenged by the demurrer. As we construe the petition, the plaintiff has elected to rescind the contract and bring ejectment against one not shown to be in possession of the land in controversy. One of the prayers contained in the petition is that two named persons, not parties to the suit, be ordered to surrender possession thereof to the plaintiff as the true owner. The purpose of ejectment is to evict one from realty who wrongfully withholds possession from the person legally entitled thereto. Ejectment must be commenced against the person in possession. *Rogers* v. *Bell,* 53 *Ga.* 95. In that case, Judge McCay said: "The tenant—the actual tenant—in possession, is the proper defendant in an action of ejectment. He is the adverse holder to the plaintiff, and he has a full right to treat him as the person keeping him out of his land." The allegations of the petition here affirmatively show that the premises involved are occupied by two named persons, referred to as the tenants of the defendant. In such circumstances does the petition here, when considered on demurrer, show a cause of action in ejectment against the defendant? We think not. The relief actually sought is against persons not parties to the cause. Where the premises are occupied, the person in actual occupation or possession is in all cases an indispensable party. The rule seems to be well settled in this State, both in the fictitious form and in the statutory action for land, where the premises are actually occupied by a tenant, an action can not be maintained against the landlord without joining the tenant. *Ralston* v. *Dover,* 36 *Ga.* 611; *Blalock* v. *Newhill,* 78 *Ga.* 245 (1 S. E. 383) ; *Bower* v. *Cohen,* 126 *Ga.* 35 (54 S. E. 918) ; 28 C. J. S. Ejectment, § 52.

The petition here, having been brought in ejectment against one not in possession, but to evict the actual occupants who are not parties to the suit, failed to state a cause of action, and the court did not err in sustaining a demurrer raising that question.

■ The court having properly sustained the general demurrer and dismissed the petition as failing to state a cause of action, the questions raised by special demurrer will not be considered.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*