**In the Matter of Billie Jean VERDI, a/k/a Billie Jean McCreary, Debtor.**

**John W. Roberts, Movant,**

v.

**Billie Jean Verdi, a/k/a Billie Jean McCeary,[1] Respondent.**

**Bankruptcy No. 99–54047 RFH.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Jan. 31, 2000.

---

1. The Court notes that the correct spelling of Respondent's name is Billie Jean Verdi, a/k/a Billie Jean McCreary.

Nikitis Zoumberis, Warner Robins, GA, for movant.

Arjun S. Kapoor, Macon, GA, for respondent.

Elaina Massey, Macon, GA, for Chapter 13 Trustee.

### *MEMORANDUM OPINION*

ROBERT F. HERSHNER, Jr., Chief Judge.

John W. Roberts, Movant, filed a motion for relief from the automatic stay of the Bankruptcy Code[2] on November 24, 1999. A hearing on the motion was held on January 6, 2000. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Movant owned a 4.95–acre parcel of realty in Wilkinson County, Georgia. Movant placed a Land for Sale sign on the realty. Billie Jean Verdi, a/k/a Billie Jean McCreary, Respondent, wanted to purchase the realty.

Movant and Respondent signed a Land Contract dated July 18, 1998. Movant testified that this was an installment land sales contract. Movant prepared the contract. Movant agreed to sell, and Respondent agreed to purchase the realty. Respondent understood that she was purchasing, rather than leasing, the realty. The purchase price was $12,375. Respondent made a down payment of $500 and agreed to pay the balance by making 120 monthly payments of $180.85. Respondent placed a mobile home on the realty. Respondent resides in the mobile home.

Respondent had financial problems and failed to make her monthly payments. Movant sent Respondent a letter dated June 28, 1999 stating that Respondent was in foreclosure because she was more than two months late with her payments. The letter stated that Respondent had five days to vacate and remove her personal property from the realty. Respondent has not vacated or removed her personal property. Respondent still resides on the realty.

Movant filed an action in magistrate court to remove Respondent from the realty. The magistrate court, on August 19, 1999, determined that it did not have jurisdiction because the dispute concerned "a Sales Contract, (equity in land) ...." The magistrate court dismissed Movant's action.

Respondent filed a petition under Chapter 13 of the Bankruptcy Code on October 21, 1999. Respondent offers to cure her arrearage under the Land Contract through her Chapter 13 plan. Movant, however, moves the Court for relief so that he can remove Respondent from the realty.

The Land Contract provides, in part, as follows:

2. 11 U.S.C.A. § 362(a) (West 1993 & Supp. 1999).

## LAND CONTRACT

....

*[/s/] Billie Jean Verdi McCreary* (hereinafter PURCHASER), AGREES to buy and **JOHN W. ROBERTS** (hereinafter SELLER), AGREES to sell, all that tract or parcel of land, with such improvements as are located thereon, described as follows:

*4.95* ACRES, MORE OR LESS, designated as *Lot 22*, located in Land Lot *193* of the *23rd* District, *Wilkinson* County, Georgia, as outlined in *red* on the attached plat. A plat of property to be attached and made part of this contract as Exhibit A.

....

PURCHASER has paid to the undersigned **JOHN W. ROBERTS** $*500.00* ( ) cash ( ) check, receipt whereof is hereby acknowledged by SELLER, as earnest money and is to be applied as partial payment of purchase price of said property.

SELLER warrants that he presently has title to said property and, BE IT AGREED: if the PURCHASER makes the payments and performs the agreements stated in this contract, the SELLER agrees to convey in FEE SIMPLE, clear of all encumbrances whatsoever, good and marketable title to said property to PURCHASER by limited warranty deed....

IF THE PURCHASER fails to make any of the payments herein designated or fails to perform any of the other agreements made herein, this contract shall be terminated and the PURCHASER shall forfeit all payments made on this contract. Such payments will be retained by the SELLER as accumulated rent on the property described above, and the SELLER shall have the right to re-enter and take possession of the premises.

....

Time is of the essence in this contract.

....

The following stipulations shall, if conflicting with printed matter, control

1. SELLER shall pay State of Georgia property transfer tax at closing. Seller to furnish deed.

2. Sale shall be closed when loan is paid in full. All closing cost to be paid by Purchaser.

3. Possession of premises shall be granted by SELLER to PURCHASER no later than *July 18, 1998.*

....

6. If and when Purchaser becomes two months delinquent with the land payments, then the loan is said to be in automatic foreclosure.

7. Real Estate Taxes on said property for the calendar year in which this sale is made shall be prorated as of the date of this contract. Purchaser shall pay property tax from *7/18/98* and thereafter.

■ State law generally determines property rights in a bankruptcy proceeding. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136, 141–42 (1979). It is undisputed that Georgia law is the relevant state law.

■ Movant prepared the Land Contract. Contracts are construed most strongly against the party who prepared the contract because that party had the power to control the provisions set forth at the time of drafting. *In re Joyner,* 74 B.R. 618, 623 (Bankr.M.D.Ga.1987).

"The cardinal rule of [contract] construction is to ascertain the intention of the parties." O.C.G.A. § 13–2–3 (1982).

In *Southern Land & Cattle Co. v. Simmons*[3] the Georgia Court of Appeals stated:

Though installment land contracts such as the one at issue have been com-

---

**3.** 202 Ga.App. 734, 415 S.E.2d 329 (1992).

monly employed in other states (see 7 Powell On Real Property, Ch. 84D (1991)), they have never been widely used in Georgia, and have received little appellate consideration. See Pindar, Ga. Real Est. Sales Contracts, § 1–3.1 (3rd ed.1987). We agree with the trial court that this installment contract was akin to the now largely abandoned bond for title in that it served as a contract for the sale and purchase of land; initially conveyed possession to the purchaser while legal title remained in the seller; and acted as a security instrument in the manner of a security deed while the payments were being made. See Pindar, Ga. Real Est. Law, § 20.70 (3rd ed.1986).

415 S.E.2d at 330.

■ "[A]n equitable estate arises in favor of the [purchaser] of the bond [for title] limited by the amount of his investment." *Chilivis v. Tumlin Woods Realty Assoc. Inc.*, 250 Ga. 179, 297 S.E.2d 4, 7 (1982).

■ " 'A bond for title is a contract signed by the owner of land, reciting that he has received a certain part of the purchase money for the described land, and binding himself in a penal sum to make a good title to the purchaser when the remainder of the purchase price is paid.' Mitchell, Real Property in Georgia, pp. 151–153 (2 Ed.1960)." *Kemp v. Parks*, 227 Ga. 319, 180 S.E.2d 350, 353 (1971) (Felton, J. dissenting).

■ In *Watkins v. Maddox Medical Assoc. Inc.*,[4] the Georgia Supreme Court stated:

As noted in Pindar, Ga. Real Estate Law and Procedure, § 20–72 (4th ed.1993), if the document constituting a bond for title contains no power of sale, "the equity of the purchaser must be foreclosed by some legal proceeding, unless barred by *adverse possession or abandonment.*" (Footnote omitted.) Id. at 287–288. Our review of case law affirms the conclusion drawn in Pindar, supra at fn. 1, that the case on which MMA relies, *Lytle v. Scottish Am. Mortgage Co.*, 122 Ga. 458, 467, 50 S.E. 402 (1905) (equitable interest in property under bond for title can be barred solely by legal foreclosure proceedings) is not consistent with well-established Georgia law regarding the effects of the purchaser's *abandonment* of the property, namely, that upon the failure of the purchaser to make payments as they fall due, "the grantor ha[s] the right to rescind the contract and, among other remedies of the grantor, [h]as the right to re-enter and take possession where the premises [are] *vacant.*" *Smith v. Smith*, 208 Ga. 300, 302, 66 S.E.2d 711 (1951). See also *Douglas v. Vourtsanis*, 203 Ga. 64(1), 45 S.E.2d 203 (1947); *Wheeler v. Layman Foundation*, 188 Ga. 267(4), 3 S.E.2d 645 (1939); *McDaniel v. Gray & Co.*, 69 Ga. 433, 435 (1882).

270 Ga. 404, 509 S.E.2d at 616 (emphasis added).

■ Turning to the case at bar, the Court is persuaded that Respondent's interest in the realty was not terminated prepetition. The evidence shows that Movant delivered possession of the realty to Respondent. Respondent made a down payment. Respondent made improvements by placing a mobile home on the realty. Respondent resides on the realty. Respondent has not abandoned the realty, and Movant is not in adverse possession. Respondent's interest in the realty has not been "foreclosed by some legal proceeding." The Court is persuaded that Respondent's interest in the realty is property of her bankruptcy estate.

An order in accordance with this memorandum opinion will be entered this date.

4. 270 Ga. 404, 509 S.E.2d 614 (1998).

### *ORDER*

In accordance with the memorandum opinion entered this date; it is

ORDERED that the motion for relief from the automatic stay filed on the 24th day of November 1999 by John W. Roberts, Movant, hereby is denied.