EOCHRANE, C. J.
It appears from the record that Kemp brought his suit against Watson on a promissory note given for a lot of land. Upon the trial, Watson filed his plea, alleging that the note was given for lot of land number ninety-four in the sixth district of Terrel county, on which he then resided; that Kemp represented he had a good title to the lot, which he induced him *to believe; that these representations were false, and intended to defraud him; that when the-note was given, Kemp only gave him a quit-claim, made to him by one Weaver, that Weaver had no right, title or interest in the land, and had so told Kemp when he went to buy it, but he insisted on this quit-claim being made, and procured it with the special purpose of defrauding him, which he did by false representations, stating that he had the titles, and would proceed to evict him. Becoming alarmed, etc., he gave this note. These are the main averments of his plea. It appears that he offered to amend it by adding that there was in existence, a paramount outstanding title which would be asserted against him. This plea was stricken by the Court below, and this constitutes the ground of error.
We think the Judge erred in this ruling. The facts set up by this plea if true, (and for the purposes of this case the will be so regarded,) present a different question of law from that which it appears the Judge acted on. We refer to the rule of law laid down in 10 Georgia, 133. We readily recognize the authority that “a party will not be protected against payment of purchase-money whilst in possession of the premises.” But we do not recognize its application in the case at bar. Here the party who purchased -was in possession at the time, and he had acquired no right by virtue of it. There was no advantage accruing to him as results from the ordinary purchase of lands. He was on the lot when Kemp came to him, pretending, as he alleges, to have good title, and the case set up by the plea is one of fraud in procuring this note, and questions of fraud in matters of contract ought to be submitted tp the jury.
Judgment reversed.