Grizzle vs. Gaddis.

## GRIZZLE vs. GADDIS.

1. Where one holding a title by deed from a former owner brought ejectment against the tenant in possession of land, the latter could not, by equitable plea, claim from the plaintiff a specific performance of a parol contract alleged to have been made between the defendant and the person from whom the plaintiff bought, and of which it was averred the plaintiff had notice. Especially could not this be done without making the plaintiff's feoffor a party.

2. A parol contract by which it was agreed that, if a man and his family would take possession of certain land and cultivate and improve it, they should have it as their home during the lives of himself and wife, paying therefor a reasonable rent, and that if, at any time, after paying such rent from time to time, he should become able to purchase, the owner would convey to him a title for such price or sum as it was then worth, was too vague, uncertain and wanting in mutuality to furnish a foundation for a decree for specific performance, requiring a conveyance from the other party to the contract or one who purchased from him with notice.

3. Nor, under such circumstances, would the original owner of the land, or one who purchased from him with notice, be compelled to pay for improvements erected thereon by the occupant. It did not appear that he was able to pay for the land, or that he ever demanded a deed prior to its sale. He held as a tenant of the original owner, and became a tenant of the purchaser; and he could neither render the latter liable for improvements not assented to by the landlord, nor could he change the relation of landlord and tenant, except by consent of his landlord.

October 13, 1885.

Contracts.   Equity.   Specific Performance.   Vendor and Purchaser.   Landlord and Tenant.   Betterments.   Before Judge Estes.   Lumpkin Superior Court.   April Term, 1885.

Reported in the decision.

Wier Boyd, for plaintiff in error.

R. H. Baker, for defendant.

Hall, Justice.

This was an action in the statutory form to recover lots of land numbers 278 and 279, situate, in the 6th district and first section of Lumpkin county.   Both parties held under John H. Abercrombie,—the plaintiff by a deed from him dated March 8th, 1883.

In addition to the general issue, the defendant pleaded, in bar of the plaintiff's recovery, that he went into possession of the premises on the first day of January, 1878, and held possession of them continuously from that time until the commencement of the present suit, under contract (admitted in the argument to be verbal) with the said Abercrombie, that if he and his family would take possession of the same and cultivate and improve it, they should have it as their home during the lives of defendant and his wife, defendant paying therefor reasonable rent; and if at any time, after paying such rent, from time to time, he should become able to purchase, he would convey to him a title to the same at such price or sum as it was then worth.   This plea further alleges that he took possession under the contract, and made various improvements upon the land by clearing and fencing some fifteen acres of the same, removing therefrom the rocks and piling the same, and refitting and repairing the house thereon; that these improvements were worth more than the land,

being of the value of three hundred dollars, while the land (as we are led to infer from the somewhat loose and confused statements in the plea) was not worth, without the improvements, more than fifty dollars; that in addition to the value of the improvements and repairs made by him, he had, while he remained in possession, paid in rents two hundred dollars, and that plaintiff had due and legal notice of all the foregoing facts before she made the purchase, and took from Abercrombie a conveyance of the land; that Abercrombie had removed beyond the state and could not be made a party to the suit or subject to the judgment and decree that might be rendered in the case; he tendered to the plaintiff and her feoffor fifty dollars in full of the purchase money, and prayed that she be decreed to perform specifically his agreement with Abercrombie, and that the title to the land be vested in him upon his paying into court the sum of fifty dollars, which he alleged was the purchase money, or such other sum as might be deemed equitable; or, in the event that this could not be done, then he asked a decree in his favor for such sum, in the nature of damages, as would be an equitable compensation for improvements put on the land, and that the same should be held subject to the amount so found to be due him, and that he might have such other relief as the nature of his case required, etc.

When the case was called, plaintiff demurred to this plea; the court sustained the demurrer and ordered it stricken. The plaintiff had a verdict, and the defendant asked a new trial, upon various grounds, among them that there was error in sustaining the demurrer to this plea. This is the only ground of the motion insisted on at the hearing before this court.

In any view that we have been able to take of the questions raised and discussed on this assignment of error, we are quite clear that the judgment on the demurrer was correct.

1. The plaintiff could not be called upon to execute

specifically the defendant's contract with Abercrombie, to which she was in nowise a party; and especially is this true in the absence of Abercrombie, who was not made a party to this proceeding, and who was principally interested in the decree or judgment prayed. *Lavender vs. Thomas*, 18 *Ga.*, 668. Indeed, it is very questionable if he could in this manner becomes a party to this suit. Had this been a regular action of ejectment, in which he was made a lessor of the plaintiff, there would have been more propriety in calling upon him to respond to this prayer, for, in that event, the equities between him and the plaintiff could have been adjusted. This defence to a regular action of ejectment might then have the effect of changing the *forum* to a court of equity, where all the parties could be brought rightfully into equity, and when thus before it, the court would be required to proceed and give full relief to all of them in reference to the subject-matter in controversy. Code, §3085.

2. Even if this were a bill in equity, to which Abercrombie and the plaintiff, his vendee, who had purchased with notice of this defendant's equity, were parties, a specific performance of this contract could not be decreed against them, because the contract is vague and uncertain. There is no amount specified in the alleged contract at which he might purchase the land in the event that he became able and desired to do so; the time when he would be entitled to a conveyance is altogether indefinite; there is no obligation on his part to become a purchaser; this is left optional with him; there is no mutuality in this contract; neither Abercrombie nor his assignee could have enforced the performance of this contract against the defendant. *Beall, ex'rs, vs. Clark et al.*, 71 *Ga.*, 852; especially Dorsey *vs.* Parkman, 12 Howard R., 126, there cited; *Miller et al. vs. Cotten et al.*, 5 *Ga.*, 341.

3. Still less justification would there have been for compelling the plaintiff or her vendor to pay the defendant

for improvements he made upon the land, or in holding the same liable therefor; the contract set out contains no such stipulation; it is not asserted that he was able to pay for it, or that he ever demanded a deed for the same prior to its sale and conveyance to the plaintiff. When it suited his inclination or convenience to do so, he may have elected, at some time or other to become its owner, and, for aught that appears to the contrary, may have improved it in contemplation of such an event. There can be no doubt that he was the tenant of Abercrombie, and, after the sale and conveyance by him to the plaintiff, he became, by operation of law, her tenant, and as such his landlord was not liable to him for substantial improvements, unless they were placed upon the premises by the landlord's consent. Code, §2284. Being a tenant, he could not change the character of his holding, except by the landlord's consent, as by becoming a purchaser from him, and while he remained in possession in that relation, he could not dispute his landlord's title. Code, §2283.

Judgment affirmed.