TILLEY *v.* MALCOLM *et al.*

GEORGE, J.  By deed dated February 2, 1910, J. P. Tilley conveyed to Barnett H. Malcolm and James S. Malcolm "all that tract or parcel of land situated, lying and being in the 608th district, G. M., of Taliaferro County, Georgia, described as follows: That tract containing fifteen hundred and thirty-five and one tenth acres, more or less, on the waters of Powell's creek, and bounded on the north by lands of J. A. Rhodes and Tilley and Burton, east by lands of estate of J. W. Farmer, S. J. Jones, Shep Peek, and Mrs. M. F. Janes, south by lands of J. H. Kilpatrick and J. P. Tilley, and west by lands of estate of J. M. Lacy and T. P. Tredwell, and more particularly described by survey and plat of the same by T. C. Jackson, C. E., under date of December, 1909;" and other lands the description of which is not material in this case.  The deed contained no words of exception or reservation.  On January 23, 1918, the grantor filed against the grantees in the deed above described an action to recover five acres, more or less, of land, the land sued for lying wholly within the boundaries called for by the general description contained in the deed.  On the trial the plaintiff introduced the deed, and also the survey and plat thereof referred to in the deed.  The plat showed, within the general boundaries of the tract, according to the calls of the deed, a triangle between three public roads, marked on the plat "church and school property."  This triangular tract was the land sued for.  The length of each of the three sides of the triangle was indicated by the survey and plainly marked on the map.  The tract of land described in the deed, as shown by the plat, was made up of three separate subdivisions, one lying east of the tract involved in the suit, containing 463.2 acres, one lying south and southwest of the triangular tract, containing 970.4 acres, and one lying north and northwest of the said triangular tract, containing 101.5 acres, according to the plat.  The plaintiff offered to testify that the plat was made for the purpose of the sale to the defendants and to accompany the deed, and that the plat was in fact delivered to the grantees at the time of the execution and delivery of the deed.  He further offered to testify that at the time the sale was made it was specifically understood that the triangular tract marked "church and school property" was not conveyed to the grantees.  The plaintiff also offered to show by T. C. Jackson, the surveyor, that the land was surveyed, and that the acreage mentioned in the deed is included in the general tract conveyed thereby, exclusive of the five acres contained in the triangular tract, and that he did not include the land in dispute in the acreage as shown by the plat.  The court rejected all

the oral evidence offered, and the plaintiff rested his case on the deed and map and the admission of the defendants that at the time of the execution and delivery of the deed to them the title to the land in dispute was in the plaintiff; that is, that the plaintiff had title to the land in dispute, unless the deed in evidence conveyed title to the defendants. The court granted a nonsuit, and the plaintiff excepted. *Held:*

1. A deed, for a description of the land conveyed, may refer to a plat or map, and the plat or map to which reference is thus made is considered as incorporated in the deed itself. 3 Devlin on Real Estate, § 1020. *State* v. *Georgia Railway & Power Co.*, 141 *Ga.* 153 (2), 156 .(80 S. E. 657).

2. In the construction of a deed the real intent is to be gathered from the whole description, including the general description as well as the particular; but, as a general rule, where a repugnancy exists between a general and particular description in a deed, the latter will control. 3 Devlin on Real Estate, § 1039, and cases cited in note; *Aiken* v. *Wallace*, 134 *Ga.* 873 (68 S. E. 937).

3. Where the descriptive terms of a deed are clear and unambiguous, the court will construe the terms, and parol evidence is not admissible to control the legal effect of such description. But where the description given is uncertain and ambiguous, parol evidence is admissible to correctly apply the descriptive terms.

4. In the present case the description in the deed, considering the map as a part thereof, was at least uncertain and ambiguous, and parol evidence was admissible to show to what it truly applied. The court therefore erred in rejecting the evidence offered; and the rejected evidence, with the evidence and admission appearing in the record, was sufficient to carry the case to the jury.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*

No. 1354. NOVEMBER 15, 1919.

Complaint for land. Before Judge Walker. Taliaferro superior court. February 15, 1919.

*Alvin G. Golucke* and *Colley & Colley,* for plaintiff.

*Hawes Cloud* and *Samuel H. Sibley,* for defendants.