19698.   JONES *v*. GRAHAM, executor.

DECIDED JUNE 11, 1929.

J. L. Wallace, L. A. Dean, J. F. Kelly, M. B. Eubanks, for plaintiff.

Maddox, Matthews & Owens, F. W. Copeland, for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) The petition seems to seek to declare on an agreement made by R. A. Jones and the plaintiff. The only effort to allege such an agreement is found in the first part of paragraph 4 of the petition, hereinbefore set out. Under that alleged agreement the plaintiff can not recover a child's part in the estate of R. A. Jones, for the reason that paragraph 7 of the petition alleges that "the contract between this petitioner and the said R. A. Jones was terminated at the expiration of 11 years." The plaintiff then was only 19 years old, and at that time had not rendered services to the said R. A. Jones during his entire minority. Moreover, while it is alleged that James Jones, the son of R. A. Jones, received the sum of $3,000 as his part of the estate; it is not shown that this was the amount of a "child's part," it being alleged that the estate was worth more than $25,000, and it not being shown how many children the deceased had, or what his debts were, or that the amount of a child's part had been definitely determined. In addition the suit was for a fixed sum of $3,000 alleged to be due at the time of the death of R. A. Jones. If the remaining portion of paragraph 4 not discussed above can be considered as a suit on a quantum meruit, the allegations of the petition are too indefinite to support such a suit. R. A. Jones did not recognize any obligation of any kind to the plaintiff, as shown by the allegations in the petition that he made a will and made no provision for paying any such thing. As was said in Lansdell v. Lansdell, 144 Ga. 571, 573 (87 S. E. 782), quoting from Wall's Appeal, 111 Pa. St. 460, "Claims of this

nature against dead men's estates, resting entirely in parol, based largely upon loose declarations, presented generally years after the services in question were rendered, and when the lips of the party principally interested are closed in death, require the closest and most careful scrutiny to prevent injustice being done. We can not too often repeat the cautions we have so frequently uttered upon this subject, and we feel that the present occasion is one which demands both their repetition and their application."

From the foregoing it appears that the allegations of the petition are vague and indefinite, that the petition does not set out a cause of action, and that the judge properly sustained the general demurrer and dismissed the petition. See *Lansdell* v. *Lansdell,* supra; *Russell* v. *Switzer,* 63 *Ga.* 711, 725; *Grizzle* v. *Gaddis,* 75 *Ga.* 350 (2); *Bentley* v. *Smith,* 3 *Ga. App.* 242 (59 S. E. 720); *Graham* v. *Jones,* 39 *Ga. App.* 610 (147 S. E. 902), and cit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*