40002. CARMICHAEL v. GONZALEZ.

DECIDED APRIL 3, 1963—REHEARING DENIED MAY 9, 1963.

*Levy & Stonecypher, Jean Wm. Levy,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, James H. Moore, Earl B. Hay, Jr.,* contra.

FELTON, Chief Judge. 1. The granting of a summary judgment is error unless the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Code Ann.* § 110-1203; *Davis v. Holt,* 105 Ga. App. 125, 130 (1c) (123 SE2d 686) and citations. The court granted the motion for summary judgment on the basis that the contract was void and unenforceable by reason of its indefinite and improper statement of the terms of the first mortgage. This portion of the contract provides as follows: "The purchase price of said property shall be: Thirty-nine thousand two hundred and no/100 dollars, $39,200, to be paid as follows: Purchaser to secure First Mortgage in the sum of $29,400 at not more than 5¾% interest amortized over a 30 year period with monthly payments. $7,000 in cash at closing. Purchaser to give seller note in the amount of $2,800 at 6% interest secured by a deed to secure debt. Said note to be payable $1,400 twelve months after closing of this sale plus interest and $1,400 plus interest twenty-four months

after closing of this sale." There is sufficient specific information in this provision to establish a valid contract as to its terms, i.e., the principal amount of the first mortgage, the interest and the period of time within which it is payable, the amount of cash to be paid at closing and the terms of the purchaser's note to the seller—its principal, interest, security, amount and due dates of installments. The use of the term "amortized" does not render the provision indefinite. "Amortization" is defined by Black's Law Dictionary (4th Ed.) as a plan "for the payment of an indebtedness . . . where there are partial payments of the principal, and accrued interest, at stated periods for a definite time, at the expiration of which the entire indebtedness will be extinguished." As stated above, the terms of the amortization were set out clearly enough to be enforceable. The statements concerning the $2,800 note that the installments "plus interest" to be payable, etc., are construed to mean the interest on the entire principal of the note up to the date of each installment payment since the seller was to have the use of the full amount. The expression "Said note to be payable $1,400 twelve months after closing of this sale plus interest" means $1,400 plus interest on the note, meaning the full amount, or $2,800. The remainder of the provision means the balance of $1,400 with interest for 12 months. The contract not being too indefinite to be enforceable, the court erred in its judgment granting the motion for summary judgment, since the allegations of count 1 of the petition and the defendant's cross-action present genuine issues as to material facts which must be resolved by a trial. The court also erred in its judgment sustaining the plaintiff's general demurrers to the cross-action, as the contract is not too indefinite.

2. The contract was not unilateral, as contended by the defendant in error, on the ground that it was conditioned on the obtaining of a loan by the purchaser. In *Brown v. White,* 73 Ga. App. 524 (37 SE2d 213) it is stated that the buyer's undertaking was not merely to endeavor in good faith to obtain a loan. This means that the buyer's undertaking was to endeavor in good faith to obtain a loan as well as other undertakings. The ruling in *Teague v. Adair Realty &c. Co.,* 92 Ga. App. 463, 467 (88

SE2d 795) to the effect that a contract similar to the instant one conditioned upon the securing of a loan was unilateral and unenforceable was obiter dictum, for in that case the loan was obtained and the question whether the contract was unilateral was not before the court. In *Baker v. Lilienthal,* 176 Ga. 802 (169 SE 28) the Supreme Court held that a similar contract was not unenforceable. While the Supreme Court in that case did not discuss the question whether the contract was unilateral, it necessarily had the question before it on an unrestricted general demurrer. Mr. Williston, in his work on Contracts, Revised Edition, Vol. 5, § 670, p. 159, makes this statement: ". . . The underlying principle is that there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract; in other words, in every contract there exists an implied covenant of good faith and fair dealing. . ." It would be just as reasonable to say that a seller could avoid a solemn contract by refusing to make repairs on property he contracted to sell upon the condition that he would make the repairs. In *Teague,* supra, it was held that the contract which was made contingent upon the seller's making repairs to the building were not such contingencies as to constitute the lack of mutuality.

The plaintiff has the burden of proof as to count 1 of his petition in showing that he did not breach the contract, and the issues raised by the cross-action are still to be resolved.

For the reasons hereinabove stated, the court erred in its judgments sustaining the general demurrers to the cross-action and granting the summary judgment.

*Judgments reversed. Eberhardt and Russell, JJ., concur.*