### 40403. CHAMBLESS v. CAIN et al.

FRANKUM, Judge. 1. Where purchasers enter into and retain possession of land under a written contract for the purchase and sale thereof, and the seller retains title thereto and agrees that upon payment of a designated amount of the consideration he will execute a warranty deed to the purchasers and take their note for the balance, the relationship between the parties is similar to that of vendor and purchaser, where notes are given for the purchase price and a bond for title is exe-

cuted. "In such case, upon default by the vendee in the payment of the purchase-price, the vendor has the right (1) to stand on his contract and sue upon his debt, thereby securing a special lien upon the land, and, if a sale of that proves inadequate, to hold the vendee personally for the remainder of the indebtedness (*Code* § 67-1501) or (2) he may maintain ejectment or statutory action for the land to regain possession. *Alston v. Wingfield*, 53 Ga. 18; *Atlanta, Knoxville & Northern R. Co. v. Barker*, 105 Ga. 534, 537 (31 SE 452); *Wimpee v. Burt*, 148 Ga. 418 (96 SE 993); *Dunson v. Lewis*, 156 Ga. 692 (119 SE 846); *McDaniel v. Gray*, 69 Ga. 433, 435; *Dukes v. Baugh*, 91 Ga. 33 (16 SE 219)." *Wheeler v. Layman Foundation*, 188 Ga. 267, 270 (4) (3 SE2d 645).

2. Where the purchasers of land take and retain possession thereof under a written contract of sale and purchase, they cannot do so and defend against a suit brought by the seller for past due payments of the purchase price on the ground that the contract is too vague, indefinite, and uncertain to constitute a legal contract. *Jones v. Ely*, 95 Ga. App. 4 (96 SE2d 536). See *McGehee v. Jones*, 10 Ga. 127; *Watson v. Kemp*, 41 Ga. 586; *Booth v. Saffold*, 46 Ga. 278; *Mallard v. Allred*, 106 Ga. 503 (32 SE 588).

3. The mere fact that it is apparent upon the face of the petition and the exhibit attached thereto that the plaintiff is not entitled to all the relief for which he prays, or that he is not entitled to recover all of the damages sued for, does not render the petition subject to general demurrer. *Central of Ga. R. Co. v. Greene & Co.*, 41 Ga. App. 794, 798-799 (154 SE 809); *Zittrouer v. Zittrouer*, 43 Ga. App. 262 (2) (158 SE 437). Under this rule of law it would be proper to dismiss the petition on general demurrer if it is apparent on the face thereof that none of the indebtedness sought to be recovered by the plaintiff is recoverable under the terms of the contract sued on, but this drastic penalty is not invoked by a mere general demurrer, even though it may appear that some of the recovery sought is not, under the terms of the contract, due. Such a defect in the petition may be reached only by a timely special demurrer, and the petition dismissed only when the plaintiff fails to correct the defect after being afforded an opportunity to do so. *Ford v. Fargason*, 120 Ga. 708 (6) (48 SE 180); *City Council of Augusta v. Lamar*, 37 Ga. App. 418 (5) (140 SE 763).

4. Under the foregoing rules of law the petition showing that the defendants are in possession of the property under the contract sued on, and the plaintiff in his petition offering to fulfill his obligations thereunder, the defendants cannot defend the suit for the purchase price on the ground that the contract was vague and indefinite without showing some equitable principle authorizing them to make such defense.

5. Where the contract sued on provided for the payment of $1,000 earnest money and the payment of an additional cash sum totaling with the earnest money $15,000, upon the sale by the buyers of their "property located at Tucker, Georgia," the allegations of paragraph 6 of the petition that the buyers do not own any property at Tucker, Georgia, or that if they ever owned any, it had been sold, was not irrelevant and immaterial to the plaintiff's cause of action, but on the contrary, illustrated a very material issue in the plaintiff's case, to wit, the happening of the contingency upon which the defendants would be liable for the payment of the balance of the cash due upon the consummation of the contract of sale, and the trial court erred in sustaining the special demurrer to such allegations.

6. Where the contract sued on contained the provisions for cash payment as indicated in the foregoing headnote, and where the allegations of the petition showed that the defendants had paid a total of $4,000 in cash under the contract, the allegations of paragraph 7 of the petition that under the terms of the contract plaintiff was entitled to receive $11,000 upon the sale of defendants' property at Tucker, Georgia, were not contradictory to the terms of the contract sued on, and the trial court erred in sustaining the special demurrer to those allegations.

7. Under the foregoing rules of law and in view of the rulings herein with respect to the ruling of the trial court on the special demurrers, the court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JANUARY 29, 1964—
REHEARING DENIED FEBRUARY 18, 1964.

*George C. Kennedy,* for plaintiff in error.
*Zachary & Hunter, Ben R. Freeman,* contra.