46194. BARTO v. HICKS et al.

EBERHARDT, Judge. Robert E. Barto, Jr., entered into a written contract for the purchase of a house and lot from G. Fletcher Magbee, the transaction having been arranged through the efforts of Sam Hicks, a realtor, who acted for Bonner Realty Company with which Magbee had listed the property for sale. The sale price was recited as being $36,900, of which the purchaser paid $2,000 upon signing the contract and later paid $8,000, a total of $10,000 in earnest money. The purchaser agreed to procure a loan for two-thirds of the purchase price with interest at the current prevailing rate, and with principal and interest payable monthly for 20 years, and the balance in cash at closing. The house was not yet fully completed, and the contract specified in detail the items that were to be performed in its completion. Barto moved into the house, and the seller proceeded with the performance of most of the items required for completion, though some remained undone when Barto, after more than a month of occupancy, moved out, declined to go forward with completion of the sale, and demanded a return of the earnest money. He had applied for a 20-year loan in the sum of $24,600 (two-thirds of the sale price) and was tendered the loan at 8 percent, but he declined to accept it. Hicks, who held the earnest money, brought an action against Barto, Magbee and Bonner Realty, alleging that under the sale contract he and Bonner were jointly entitled to a realtor's commission of $922, and that because of Barto's repudiation Magbee claimed the remainder of the earnest money as liquidated damages, tendered into court the earnest money, less the realtor's commission, and asked that all other parties be required to interplead.

Bonner answered, agreeing that it, together with Hicks, was entitled to the realtor's commission. Magbee answered, claiming the balance as liquidated damages under the contract. Barto answered, contending that the contract was void and not binding, and sought judgment for the earnest money paid, and for certain damages claimed. He moved for summary judgment for the earnest money, the motion being grounded upon the contention that the contract was void and unenforceable. The motion was

denied and, securing a certificate for review, he appeals. *Held:*

1. (a) The contention that the contract is void for uncertainty of the description of the land is without merit. While there may be some lack of clarity in the detailed description as written, due to an error in one or more of the calls, the land is also described as being Lot 21 of Block E, Unit 18, of the Dunwoody North Subdivision in Land Lot 356 of the 18th District of DeKalb County, Georgia, according to a plat of survey recorded in Plat Book 50 page 96, dated August 1968, DeKalb County Records, and this is a definite, certain and adequate description. *Talmadge v. Interstate B. & L. Assn.,* 105 Ga. 550, 554 (31 SE 618); *State of Ga. v. Ga. R. & Power Co.,* 141 Ga. 153 (2) (80 SE 657); *Tilley v. Malcolm,* 149 Ga. 514 (1) (101 SE 127); *Baker v. Lilienthal,* 176 Ga. 802, 807 (169 SE 28). Cf. *Pressley v. Jennings,* 227 Ga. 366 (1) (180 SE2d 896). If the plat referred to were itself insufficient in failing to provide a key, or in failing to show courses and distances, or with no fixed starting point (see *Herrington v. Rose,* 225 Ga. 452 (169 SE2d 312)), the burden was on movant to demonstrate that in connection with his motion, but he made no effort to do it.

The property was further described as "improved property, known as 4587 Amberly Court, North, Doraville, DeKalb County, Georgia," and this, together with the other parts of the description has been held to be sufficiently definite for a realty sale contract. *Boney v. Cheshire,* 147 Ga. 30 (3) (92 SE 636). Cf. *Blumberg v. Nathan,* 190 Ga. 64 (8 SE2d 374); *Silverman v. Alday,* 200 Ga. 711 (38 SE2d 419).

(b) Even if the description were insufficient for uncertainty or vagueness (which we do not find it to be), the taking of actual possession by the purchaser served to meet the requirement of identity of the thing sold. *Sturdivant v. Walker,* 202 Ga. 585 (3) (43 SE2d 527); *Chambless v. Cain,* 109 Ga. App. 163 (2) (135 SE2d 463), and citations.

2. The contention that the contract was vague and uncertain as to the terms of purchase and sale is also without merit. The total sale price which Barto agreed to pay was stated—$36,900. Immediately after recital of the purchase price to be paid, it was provided that "purchaser to apply for and accept, if avail-

able, a ⅔ first mortgage loan with interest at the current prevailing rate, principal and interest payable monthly for 20 years."

The "⅔ first mortgage loan" which he agreed to apply for and accept obviously was to be two-thirds of $36,900. He recognized this when he applied for and was tendered a loan for $24,600, which is exactly two-thirds of the sale price. This provision was not vague or indefinite, nor was it so considered by the purchaser himself.

The provision that the interest rate on the loan was to be the "current prevailing rate," did not render it void for uncertainty. In this day of fluctuating interest rates if the contract should provide for a specific rate, less than the prevailing rate required by lenders, a closing of the transaction might never become possible. This provision is common in general business usage for this type of contract and is no more uncertain than one which calls for the payment or proration of taxes, or for the payment of insurance premiums upon a specified amount of insurance, or for the assumption of an existing loan—items all of which are readily ascertainable and which may be shown by parol evidence. *Muller v. Cooper,* 165 Ga. 439, 442 (141 SE 300); *Massell Realty Co. v. Hanbury,* 165 Ga. 534, 544 (141 SE 653); *Branan & Schmitz Realty v. Ballard,* 117 Ga. App. 758 (162 SE2d 16). And see *Carmichael v. Gonzalez,* 107 Ga. App. 746 (131 SE2d 149) where the provision as to the interest rate was "at not more than 5¾%," and *Cole v. Cutler,* 96 Ga. App. 891 (102 SE2d 82) where it was "up to 7% per annum," and "not less than 6%." Moreover, when the buyer accepted possession of the property and moved into the house, occupying it for more than a month, this rendered immaterial all indefiniteness in specifications contained in the contract relative to the loan to be obtained, as was held in *Blanton v. Williams,* 209 Ga. 16 (1a) (70 SE2d 461), where "[d]ates of maturity, interest rates and monthly payments are not given."

3. The contract was not void because of the provision that the purchaser was obligated to "apply for and accept, if available, a ⅔ first mortgage loan, etc." *Sheldon Simms Co. v. Wilder,* 108 Ga. App. 4 (131 SE2d 854); *Carmichael v. Gonzalez,* 107 Ga.

App. 746, supra. Even if regarded as unilateral or lacking in mutuality until the loan is procured, the condition was fulfilled when Barto applied for and was tendered a loan in the amount provided and at 8 percent, the then current rate on first mortgage real estate loans, and refused to accept it. *Hall v. Wingate,* 159 Ga. 630 (1c) (126 SE 796). "In such cases it is incumbent upon the purchaser seeking a refund of the 'earnest money' to show that he was unable to procure such loan after a diligent effort." *Sheldon Simms Co. v. Wilder,* 108 Ga. App. 4, 5, supra. Here again, movant, who has the burden in seeking summary judgment, utterly failed.

The contract was not void, and the motion for summary judgment was properly denied.

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.*

ARGUED MAY 7, 1971—DECIDED SEPTEMBER 7, 1971—

REHEARING DENIED SEPTEMBER 29, 1971.

*Walter W. Calhoun,* for appellant.

*G. Roger Land, Swertfeger, Scott, Pike & Simmons, M. T. Simmons, Jr., Charles H. Hyatt, Joseph Szczezko, Larry Fowler,* for appellees.