### 47562. THOMAS v. HARRIS et al.

EBERHARDT, Presiding Judge. Shirley M. Thomas brought suit for money had and received against Edward Harris and Marvin Favors, individually and as partners d/b/a Harris & Favors, Builders, seeking the return of $11,458.40 earnest money paid defendants under contracts for the sale of a lot and construction of a house thereon, alleging that the contracts were vague and indefinite and thus invalid and unenforceable. The first contract was for the purchase of the lot and the second was for the construction of the house and conveyance of the lot. The first contract provided that "as soon as plans are completed for the house to be built on said lot, builders (Harris & Favors) will construct said house," and the two contracts were considered to be a single transaction—that is, the purchase of the lot depended upon the construction of the house and vice versa. The price of the house, stated in the second contract, was $35,970 "to be paid as follows: First mortgage loan shall be $23,000 payable in 240 monthly equal instalments plus taxes and insurance. The difference in first mortgage loans and purchase price will be advanced as construction of house progresses." From a denial of her motion for summary judgment, plaintiff appeals with a certificate. *Held:*

1. We must reverse. The problem here is one of vagueness and not of mutuality. Completion of the house under plans

and specifications supplied by the purchaser afforded mutuality. "In general, there are two problems involved in the statement of the financing clause in real estate sales contracts. The first is whether the terms of the financing clause have been stated so as to satisfy the Statute of Frauds. The second is whether the contract's validity or enforceability depends on the performance or nonperformance of a stated condition. *In order properly to analyze the Statute of Frauds question, it is essential that one categorize sales contracts by the specific type of financing clause which each includes. Such classification is essential because the requirements as to each type of financing clause differ somewhat,* even though the underlying Statute of Frauds theory is the same throughout. The three recurrent types of clauses to be discussed provide for the assumption of existing indebtedness, for deferred payments to the vendor, and for third-party financing . . . In connection with each of the three types of financing clauses, two questions dealing with the Statute of Frauds arise: First, Is the clause material? and second, If it is material, which terms of the intended financing must be stated so as to satisfy the statutory requirement? As for the first question, it is clear that the terms of financing in each of the three types of clauses are material and must be sufficiently stated if the agreement is to be valid . . . *As for the second question, it is only through an analysis of each type of clause that one will understand which terms must be stated in order to make an agreement binding.*" (Emphasis supplied). Wallace, The Financing Clause in Real Estate Sales Contracts in Georgia, 8 Ga. St. B. J. 118-120 (August, 1971).

In the instant case the financing clause states only that "First mortgage loan shall be $23,000," but there is no clue as to whether the clause provides for the assumption of an existing indebtedness, for deferred payments to the vendor, or for third-party financing. Had the clause provided that purchaser was "to secure" or "to apply for and accept, if available," a first mortgage loan, it would be

inferable that the clause contemplated third-party financing. Cf. *Barto v. Hicks,* 124 Ga. App. 472 (184 SE2d 188); *Carmichael v. Gonzalez,* 107 Ga. App. 746 (131 SE2d 149). However, we think such an inference is impermissible here; and, since the contract fails to indicate what type of financing was contemplated, and specifies only that the $23,000 is payable in 240 monthly equal instalments, it must be held unenforceable. Cf. *Hicks v. Stucki,* 109 Ga. App. 723 (137 SE2d 399).

2. Plaintiff's second enumeration of error is that in its opinion below, the trial court erred in holding that defendants' performance in entering upon construction of the house rendered the contract enforceable. This enumeration is meritorious. While lack of mutuality or of consideration is a defect curable by performance (e.g., *Hall v. Wingate,* 159 Ga. 630 (126 SE 796); *Brown v. Bowman,* 119 Ga. 153 (46 SE 410); *McMurray v. Bateman,* 221 Ga. 240 (144 SE2d 345)), vagueness and indefiniteness is not. *Grizzle v. Gaddis,* 75 Ga. 350. Lack of mutuality or of consideration, and vagueness and indefiniteness, are not synonymous defects in real estate contracts. See, e.g., *Brown v. Bowman,* 119 Ga. 153, supra, and *Perry v. Paschal,* 103 Ga. 134 (29 SE 703), distinguishing *Grizzle v. Gaddis,* 75 Ga. 350, supra. The former involves the concept of "unilateral" contracts, while the latter is governed by the Statute of Frauds. Hence in the instant case any perfomance by defendants in constructing the house cannot have cured defects relating to vagueness and uncertainty in the financing clause.

*Judgment reversed with direction that summary judgment be entered in plaintiff's favor. Deen and Clark, JJ., concur.*
ARGUED OCTOBER 5, 1972—DECIDED OCTOBER 18, 1972.

*Lipshutz, Macey, Zusmann & Sikes, Winston H. Morriss,* for appellant.

*Mitchell, Pate & Anderson, Stephens Mitchell,* for appellees.