## 49180. WALKER v. ANDERSON.

EBERHARDT, Presiding Judge.

Landis Walker brought suit against Paul Anderson, d/b/a Anderson Roofing Company, seeking to recover $2,403.70 plus interest on an open account. Defendant counterclaimed (Code Ann. § 81A-113 (b)) on a real estate sales contract complaining that plaintiff, as purchaser, had failed to pay the $3,000 earnest money to defendant as seller and had otherwise breached the contract, causing a loss to defendant of $3,500. Plaintiff filed a motion for judgment on the pleadings which was treated as a motion for summary judgment pursuant to Code Ann. § 81A-112 (c), since matters outside the pleadings were considered by the trial court. The motion was denied, and plaintiff appeals with a certificate for immediate review. *Held:*

1.  Plaintiff contends that the financing clause of the real estate contract is void for vagueness, defeating defendant's right to recover thereunder, and that since the account was admitted to be true and correct, judgment should be entered therefor without regard to the counterclaim. The sales contract provides that the purchase price of the realty is $11,000, "to be paid as follows: Cash $3,000. Purchaser to secure conventional loan for balance of purchase price at prevailing interest rate repayable over 20-year period. Purchaser has paid to the undersigned Seller $3,000 ( X ) Cash ( ) check, receipt whereof is hereby acknowledged by [seller], as earnest money, which earnest money is to be applied as

part payment of purchase price of said property at the time sale is consummated."

The question raised here is whether the above terms of the financing clause have been stated so as to satisfy the statute of frauds (Code § 20-401 (4)). " 'In order properly to analyze the Statute of Frauds question, it is essential that one categorize sales contracts by the specific type of financing clause which each includes. Such classification is essential because the requirements as to each type of financing clause differ somewhat . . . [and] it is only through an analysis of each type of clause [assumption of existing indebtedness, deferred payments to vendor, third-party financing] that one will understand which terms must be stated in order to make an agreement binding.' " *Thomas v. Harris,* 127 Ga. App. 361, 362 (193 SE2d 260).

If the clause under consideration provided for deferred payments to the vendor, we would be constrained to hold that it lacked the requisite degree of specificity in several particulars. See, e.g., *Crawford v. Williford,* 145 Ga. 550 (89 SE 488); *Morris v. Yates,* 226 Ga. 43 (172 SE2d 428); *Lightfoot v. King,* 25 Ga. App. 80 (102 SE 468). In this type clause, the terms as to the deferred payments must be set forth in detail for two reasons. "The first is that the vendor and purchaser need the protection of a complete statement to fix and determine their obligations to one another [cf. *Austin v. Willis,* 229 Ga. 193 (190 SE2d 532)]; they need to be sheltered from the 'evils of parol evidence.' The second reason is that the courts must have the terms in order to enforce the contract. [*Morris v. Yates,* 226 Ga. 43 (172 SE2d 428); cf. *Austin v. Willis,* 229 Ga. 193, supra]." Wallace, The Financing Clause in Real Estate Sales Contracts in Georgia, 8 Ga. State B. J. 118, 125.

However, since the clause under consideration here provides that the purchaser is "to secure conventional loan . . . at prevailing interest rate," we deal with third-party financing. *Thomas v. Harris,* 127 Ga. App. 361, 362-363, supra, citing *Barto v. Hicks,* 124 Ga. App. 472 (184 SE2d 188) and *Carmichael v. Gonzalez,* 107 Ga. App. 746 (131 SE2d 149). The clause approved in *Carmichael* provided: "Purchaser to secure First Mortgage in the sum

of $29,400 at not more than 5-3/4% interest amortized over a 30 year period *with monthly payments.* "(Emphasis supplied.) Similarly, in *Barto,* where the purchase price was $36,900, we approved the clause "purchaser to apply for and accept, if available, a 2/3 first mortgage loan with interest at the current prevailing rate, principal and interest payable *monthly* for 20 years." (Emphasis supplied.) The instant clause provides that "Purchaser [is] to secure conventional loan for balance of purchase price [$11,000.00 minus $3,000.00, or $8,000.00] at prevailing interest rate repayable over 20-year period"; and hence the financing terms are sufficiently stated under the holdings in *Carmichael* and *Barto,* unless the omission to state whether the loan is repayable monthly or otherwise over the 20-year period is fatal.

Were this a deferred-payment-to-seller clause, we would necessarily be compelled to hold the omission fatal since both the vendor and purchaser would need the protection of a complete statement of the payment schedule to fix and determine their obligations to one another. However, since we deal here with third-party financing, and the contract between the purchaser and vendor does not fix the purchaser's obligation to repay the third-party lender, we can find no basis for ruling that the absence of this term alone invalidates the agreement. See and compare *Perry Development Corp. v. Colonial Contracting Co.,* 231 Ga. 666 (3) (203 SE2d 475).

2. Plaintiff further argues that the record reveals an agreement that the account indebtedness of $2,403.70 was to stand in place of the unpaid earnest money of $3,000, leaving the question, as stated in plaintiff's brief: "What is to happen to the difference between the $3,000 earnest money cash price and the $2,403.70 indebtedness that was to stand in its place?" As a corollary it is urged that the parol agreement for the account debt to stand in place of the earnest money violates the statute of frauds. Treating these issues in order, it is clear that no "difference" would exist, as both parties agree in their answers to interrogatories and requests for admissions that the respective debts were to cancel each other out. As for the second issue, even if the agreement as to cancellation of debts violates the statute of frauds and

must be disregarded, this state of affairs would not aid the plaintiff on his motion for summary judgment under the issues made here, as he would be left with his claim against defendant for $2,403.70 on the account, and defendant would be left with his counterclaim for $3,000 earnest money under the contract as written (*Southern Bell Tel. & Tel. Co. v. Harris,* 117 Ga. 1001 (2) (44 SE 885)), in addition to other damages sought.

*Judgment affirmed. Pannell and Evans, JJ., concur.*

ARGUED APRIL 4, 1974 — DECIDED APRIL 16, 1974.

*Perry, Walters, Lippitt & Custer, Henry C. Custer,* for appellant.

*Arnold Hammock,* for appellee.