### 56864. HAWK v. DAUGHERTY et al.

McMURRAY, Judge.

This case involves a real estate transaction by and between the seller, a licensed real estate broker, and the purchaser. The purchase price was to have been $22,500 to be paid as follows: "Buyer shall pay $2,250.00 cash down payment and obtain a 30 year conventional loan for the balance of the purchase price." The buyer paid $500 down as earnest money to the broker and then paid in escrow the sum of $2,000 additional earnest money. The purchaser also sought a $20,000 loan from a savings and loan association and upon refusal of the $20,000 loan (although there was approval for $18,000) sought the return of her earnest money.

Being unable to obtain the return of her earnest money the purchaser sued the broker and seller for the return of her $2,500. Both defendants answered, admitting generally the contract, but denying plaintiff's claim.

After discovery both plaintiff and defendants moved for summary judgment. A hearing was held, and the trial court determined the crucial language in the contract

shown above with reference to the loan "was not a contingency. . . and does not affect the validity of the contract. Both parties contend that there are no substantial issues to be determined and upon the facts developed in the wording of the contract each of them is entitled to summary judgment." Defendants' motion for summary judgment was granted and plaintiff's motion was denied. Plaintiff appeals. *Held:*

Plaintiff's claim of vagueness as to the financing clause of the contract is controlled adversely to her by decisions found in *Walker v. Anderson,* 131 Ga. App. 596 (206 SE2d 833); *Carmichael v. Gonzalez,* 107 Ga. App. 746 (131 SE2d 149); and *Barto v. Hicks,* 124 Ga. App. 472 (184 SE2d 188). The financing clause in the contract in the case sub judice reveals almost identical language except for the time period of the loan and interest rate. As stated in *Walker v. Anderson,* 131 Ga. App. 596, 597, supra, the statement as to the loan concerns third party financing and does not involve the purchaser's obligation as to the seller. Accordingly, we affirm the judgment granting summary judgment in favor of the defendants and denying same as to the plaintiff.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 6, 1978 — DECIDED DECEMBER 5, 1978.

*Thomas W. Woodall,* for appellant.
*Katz, Paller & Land, Charles N. Center,* for appellee.