## 66231. FOURTEEN WEST REALTY, INC. et al. v. WESSON.

BIRDSONG, Judge.

Vagueness of Contract. On November 3, 1981, G. J. Wesson contracted to purchase a residence. Because the sale was contingent upon Wesson selling a Florida residence in order to obtain immediate possession, she entered into a separate agreement with the seller granting her a six-month lease with closing on the purchase of the home to be consummated whenever the Florida property sold but not later than the expiration of the six-month lease. Wesson decided not to purchase the property. Fourteen West was the listing agent for the owner, and Pioneer Community Development, Inc., was the actual selling agent. Fourteen West and Pioneer brought this suit to recover the lost real estate commission in the amount of $4,025 to be equally divided.

The description of the real estate in the sales contract identified the property as 1131 Moreland Place, Atlanta, Georgia, being Lot 209 and part of Lot 197 in Glennwood Park Subdivision with a full description of said property recorded with the clerk of the superior court of the county in which the property was located. No mention of the county in which the land lay, the book or page number of the deed book was mentioned.

Wesson answered the complaint claiming the contract upon which the agents based their claims for real estate commission was vague, ambiguous and unenforceable. At the conclusion of the plaintiffs' case, the trial court, in the absence of a jury, dismissed the agents' complaint as being based upon a vague and unenforceable contract of sale. Fourteen West and Pioneer bring this appeal contending the dismissal was error. *Held:*

As we view this case, the trial court was faced with a bifurcated question. First, the court was faced with the question of whether the legal description was sufficient to withstand a motion to dismiss for failure to state a cognizable claim. Secondly, if the court concluded the description was sufficient to identify the property, was the evidence presented to the trier of fact sufficient to identify the property, the failure of the consummation of the sale of which allegedly gave rise to the breach of contract.

1. (a) As to the first of these questions, we are satisfied that the contract gives a sufficient key to the identity of the property, for its exact dimensions could have been supplied by extrinsic proof. *Essuon v. Raynor,* 231 Ga. 297, 298 (2) (201 SE2d 416). Thus the complaint was not subject to dismissal for failure to state a claim. *Barto v. Hicks,* 124 Ga. App. 472, 473 (1) (a) (184 SE2d 188).

(b) However, as to the second portion of the bifurcated

question, we face a different problem. Wesson, by her answer and in an answer to an interrogatory, maintained that the contract was unenforceable because the description of the property ambiguously described the property as encompassing all of Lot 209 but only a part of Lot 197, thus placing the burden on the appellants to furnish the missing certainty. Wesson complained she could not tell from the description in the contract how much of Lot 197 she would be purchasing. By the conclusion of the plaintiffs' evidence, no evidence furnishing the description of how much of Lot 197 Wesson would be purchasing had been presented to the trial court sitting without a jury. While we do believe that after some investigation, the proper page and book number of the county in which the property lay may well have disclosed the exact dimensions of the portion of the property that lay within Lot 197, the appellants did not present evidence of how much of Lot 197 was encompassed by the real estate purchased and, thus, that the owner of the remainder of Lot 197 would present no problems to the purchaser. "A metallic bar is a key only when it serves the purpose of unlocking the door, and is not a key if it fails in its primary purpose, which is to unlock the door. Likewise any descriptive words in a contract for the sale of land, which will lead unerringly to the land in question, constitute the key which the law contemplates. But no amount of words in such a contract which fail to lead definitely to the land therein will constitute a key. If such words [unsupported by extrinsic evidence] fail to locate and identify a certain tract of land, the description fails and the instrument is void." *Blumberg v. Nathan,* 190 Ga. 64, 66 (8 SE2d 374).

The burden was upon Fourteen West and Pioneer to show by a preponderance of the evidence that the land described in the contract of sale was of definitive ascertainment, especially in view of Wesson's denial that the legal description was sufficient to effect transfer of a supportable and defendable title. The trial court concluded the vague description that the house was located in part on a portion of Lot 197, without further proof of what portion of Lot 197 was involved, failed to meet the standards of definiteness to overcome Wesson's denial of enforceability of the contract of sale. We cannot fault the trial court for its conclusion and find ample support for that conclusion. Although the trial court utilized language in its order that indicated there may not have been an adequate key to withstand a motion to dismiss for failure to state a cause of action, the actual course of action taken by the trial court shows that the dismissal came only after the complaint had been accepted by the trial court and after trial, at which time the court concluded there was a failure of proof to establish an enforceable contract. A judgment right for any reason must be affirmed. *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4)

(227 SE2d 405).

2. Appellants argue that the fact that Mrs. Wesson lived in the house for a period of months estops her from contesting the description of the property. See *Barto v. Hicks,* supra. We are not persuaded by this argument. If Wesson was contesting the payment of rental for the property or similar questions concerning the lease, we agree she should be precluded from disputing the terms of a lease under which she occupied the premises and paid the rent due thereunder. However, the exact dimensions of an underlying tract of land ordinarily is not of great import to a lessee unless use of the land is paramount. In this case, the purchase of a residence obviously was of first importance. The passage of a clear title was dependent upon the warranty deed and the contract of sale leading to it. Thus, we conclude the occupancy of the house of itself, pursuant to a document other than title documents, did not cure the deficiency in description in the contract for sale of the underlying real estate.

3. Appellants also contend the trial court erred in granting Wesson the return of her escrow deposit. However, the thrust of appellants' argument is that the deed was sufficient, the commission due, and logically, Wesson was not entitled to the escrow money due to her default. For the reasons hereinabove stated, the contract of sale was inadequate. Thus no sale could occur. In the absence of a sale, no commission was due (for no compensable services were rendered) and Wesson was entitled to the return of her "good faith" payment. This enumeration lacks merit.

4. Lastly, appellants argue the intent of the parties was clear and should be enforced. We do not disagree that the intent to transfer a particular piece of property was the intent of the parties. However, this does not change the inevitable conclusion that an enforceable contract was required to effect that transfer. The evidence in this transcript simply was inadequate to carry out that intent. We likewise find no merit in this enumeration.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JULY 5, 1983 —
REHEARING DENIED JULY 22, 1983 —

*Stanley M. Lefco,* for appellants.
*Harry S. Kuniansky,* for appellee.