## A97A1485. HOMLER et al. v. MALAS et al.
### (494 SE2d 18)

MCMURRAY, Presiding Judge.

Plaintiffs Robert Homler and Barbara Homler filed this breach of contract action against defendant Mohannad Malas. The complaint alleges that defendant Malas agreed to buy and plaintiffs agreed to sell a single family residence, that the agreement was conditioned on defendant obtaining a loan to finance the purchase, and that defendant breached the agreement by failing to diligently pursue in good faith his applications for a loan. The plaintiffs seek damages for the alleged breach of contract, and also expenses of litigation pursuant to OCGA § 13-6-11 and disbursement of $25,000 earnest money paid by defendant and held by the real estate agent who effected the sale, defendant Harry Norman Realtors. Defendant Malas answered denying plaintiffs' claims, and via counterclaim and cross-claim against defendant Harry Norman Realtors sought return of the earnest money. The defendant broker, Harry Norman Realtors, interpleaded the earnest money into the registry of the trial court and sought attorney fees for having to interplead.

Defendant Malas moved for summary judgment on the ground that the contract sought to be enforced is too vague and indefinite to be enforced in that the terms of the loan to be obtained by defendant under the terms of the financing contingency are not sufficiently identified. Summary judgment was granted in favor of defendant Malas both as to plaintiffs' claims and as to defendant's counterclaim seeking return of the earnest money. Attorney fees of $807.50 were awarded to defendant Harry Norman Realtors and the balance of the earnest money was ordered disbursed to defendant. Plaintiffs appeal. *Held*:

The document executed by the parties was created using a pre-printed contract. The form included a number of blank spaces for insertion of various information. With regard to the loan contingency provisions there were blank spaces for certain terms of the loan to be obtained by the buyer. Blank spaces were completed to indicate that the agreement was conditioned on the buyer "obtaining" a loan in the principal amount of 80 percent of the purchase price to be paid in monthly installments over a term of no less than 30 years. (Although not germane to our decision of the case, we note that the pre-printed contingency clause had been altered by striking a portion of a provision that the agreement was conditional on buyer's "ability to obtain" a loan as described and substituting the word "obtaining.") Two spaces where interest rates could have been provided, as well as a third space where a monthly payment amount could have been provided and from which an interest rate could be calculated, were left blank.

The appellate courts of Georgia have consistently held that such a contract is too vague and indefinite to be enforced since the failure to specify at what rate the buyer is to obtain a mortgage loan causes a failure of a condition precedent to the enforceability of the contract. *Bonner v. Jordan*, 218 Ga. 129 (126 SE2d 613); *Morgan v. Hemphill*, 214 Ga. 555 (105 SE2d 580); *Scott v. Lewis*, 112 Ga. App. 195 (144 SE2d 460); *Scarborough v. Novak*, 92 Ga. App. 488 (88 SE2d 800); *Williams v. Gottlieb*, 90 Ga. App. 438 (1) (83 SE2d 245). While plaintiffs assert that there was no need to specify the interest rate of the loan to be obtained by defendant Malas because third-party financing, such as contemplated in the loan contingency executed by the parties, invokes a less stringent requirement to state the specific terms of the anticipated loan, the absence of any authority approving of the omission of such an essential loan term as the interest rate must be noted. Plaintiffs cite *Walker v. Anderson*, 131 Ga. App. 596 (206 SE2d 833), in which the interest rate was not omitted but incorporated by reference to the "prevailing interest rate" and this Court held that a loan contingency anticipating a third-party loan was enforceable under this less stringent standard even though it did not

state a payment schedule for the loan such as would be necessary in the case of a deferred-payment-to-seller clause. It must be noted that variations in the payment schedule would be a matter between the lender and the buyer which would not affect a buyer's obligations to a seller. In contrast, the interest rate is an essential term necessary to enable the courts to enforce the contract between buyer and seller.

Contrary to plaintiffs' assertion, *Barto v. Hicks*, 124 Ga. App. 472, 474 (184 SE2d 188), like *Walker v. Anderson*, 131 Ga. App. 596, supra, is not a case in which there is a failure to specify the interest rate of the anticipated loan. Instead, the interest rate in *Barto* was specified by reference to the readily ascertainable "current prevailing rate." There is nothing in the document at issue in the present case which amounts to a reference to any source from which an interest rate for the loan which defendant Malas was to seek may be determined.

*Butts v. Atlanta Fed. Sav. &c. Assn.*, 152 Ga. App. 40 (262 SE2d 230), involves issues which arise when a person signs a writing containing blanks which are then filled in by the other party. In the case sub judice, the blanks which could have provided an interest rate for the loan to be obtained by defendant Malas were never filled in so this authority has no relevance to the facts of the case sub judice.

Plaintiffs argue at some length that *Hawk v. Daugherty*, 148 Ga. App. 371 (251 SE2d 390) involves facts similar to those in the case sub judice. Yet, that case may be easily distinguished on the facts in that it did not involve a loan contingency, that is, "the statement as to the loan . . . does not involve the purchaser's obligation as to the seller." Id. at 372.

Plaintiffs cite *Tipton v. Harden*, 128 Ga. App. 517 (197 SE2d 746) as a case in which "the financing contingency did not specify an interest rate, yet the contract was held to be valid and enforceable." While some reference is made in that opinion to a contention before the lower court concerning the enforceability of the contract, that issue is not discussed in the holding of the opinion. Under these circumstances, the cited case provides no support to plaintiffs' position.

Finally, the plaintiffs' reliance upon *Brack v. Brownlee*, 246 Ga. 818 (273 SE2d 390) is misplaced. As noted in *Denton v. Hogge*, 208 Ga. App. 734 (2) (431 SE2d 728), the issue of mutuality of obligation discussed in *Brack* is a separate matter from the defense of vagueness and indefiniteness involved in the case sub judice.

The superior court did not err in granting summary judgment in favor of defendant Malas on plaintiffs' claims. It follows that the grant of summary judgment in favor of defendant Malas on his counterclaim seeking the return of the earnest money was proper. *Denton v. Hogge*, 208 Ga. App. 734 (2), supra. Plaintiffs have expressly withdrawn their third enumeration of error seeking reversal of the award

of attorney fees to defendant Harry Norman Realtors.
*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED OCTOBER 22, 1997 —
RECONSIDERATION DENIED NOVEMBER 17, 1997 — 

*Raiford, Dixon & Thackston, Tyler C. Dixon, Troy G. Kubes*, for appellants.
*W. Courtney Lafon, Steven G. Hall, Sami O. Malas*, for appellees.