A99A1412. WOLF v. McCOLLUM et al.
(522 SE2d 547)

BARNES, Judge.
Chipa Wolf appeals the trial court's order granting summary judgment to the defendants, Thomas McCollum and Cherokee Rose Wolfe f/k/a Ellen McCollum, in the underlying declaratory judgment action regarding title to land. Wolf filed the declaratory judgment action in order to establish title to a certain piece of property he claims by either gift of the defendants or adverse possession against the defendants. For the reasons set forth below, we affirm.

We review de novo a trial court's grant of summary judgment. *Bandy v. Mills,* 216 Ga. App. 407 (454 SE2d 610) (1995).

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

. . . [T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. Wolf's claim that he is the owner of the subject property through an alleged gift and a re-executed "deed" must fail. The evidence surrounding the alleged gift and re-executed deed, viewed in the light most favorable to Wolf, shows that they were too indefinite to be legally enforceable. See *Crawford v. Verner*, 122 Ga. 814, 816 (1) (50 SE 958) (1905) (the description of property contained in a deed must disclose the intention of the grantor regarding the quantity and location of the land, so that its identification is possible); *Fourteen West Realty v. Wesson*, 167 Ga. App. 539, 540 (1) (307 SE2d 28) (1983) (if property conveyed not described sufficiently to locate and identify land, instrument fails).

2. Wolf's claim that he is entitled to the land under the doctrine of adverse possession is also without merit. OCGA § 44-5-161 (a) (3) requires that the claimant's possession be uninterrupted and continuous. However, Wolf was incarcerated for six months during the time period he claims he adversely possessed the property. Additionally, Wolf's possession of the property was not adverse, as McCollum averred that Wolf was the caretaker of the property. See OCGA § 44-5-161 (b).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 14, 1999 —
RECONSIDERATION DENIED OCTOBER 19, 1999 — 

*John A. Roberts*, for appellant.
*Richard L. Powell*, for appellees.